OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff in this mortgage foreclosure action has moved for summary judgment, which includes an award of certain damages designated late charges. The defendant opposes the *844 motion for summary judgment and disputes the late charges sought, contending that they are an impermissible penalty. The motion for summary judgment is granted, except that, for reasons to be stated, a late charge of $13,200 is disallowed.
Addressing the late charge sought, the note which the mortgage secured provides, in part, that a late charge of 6 cents for each dollar overdue could be assessed "for the purpose of defraying the expense incident to handling delinquent payment”.* The defendants failed to make a balloon payment of the entire amount due under the note, $220,000. Following that default, the plaintiff accelerated payment.
Citing what purports to be clear language, the plaintiff seeks late charges for the failure to make the balloon payment. The defendants describe the late charges sought as an oppressive forfeiture.
Initially, the court finds that the fact that the late charges may or may not be a forfeiture is not dispositive. Even assuming the disputed clause is a forfeiture, a forfeiture is not, per se unenforceable. Though the law does not favor forfeiture, courts will enforce them if the parties clearly agreed to it. (Winston Personnel Agency v Abcon Indus., 108 Misc 2d 695.) On the other hand, all contracts providing for forfeiture will be strictly interpreted to avoid the result. (Lyon v Hersey, 103 NY 264.)
Analysis of the issues must focus on construction of the contract, not on the characterization of its nature.
Whether deemed a forfeiture or not, the disputed clause must be construed by the court to be relevant to defaults in monthly payments engendering collection expenses, not defaults ending payments, such as a balloon payment resulting in acceleration. Such defaults, after all, terminate the mortgagor’s right to correct the default. Foreclosure was the predictable next step. Expenses of administration of delinquent payments following default, essentially expenses of suit, are addressed in the mortgage, a right to charge and collect reasonable attorney’s fees upon foreclosure. (See, Crest Sav. & Loan Assn. v Mason, 243 NJ Super 646.) To construe the contract otherwise would provide an unnecessary, second source for handling the account.

 The mortgage contains the standard language providing that the mortgagor is obligated to pay reasonable attorney’s fees should foreclosure be necessary.