■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent, v HENRY MEBANE et al., Appellants, et al., Defendants. [618

NYS2d 88] —In an action to foreclose a mortgage, the defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered January 22, 1993, as denied their motion to dismiss the complaint and granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint adding a cause of action sounding in unjust enrichment, and (2) from an order of the same court, entered March 22, 1993, which denied their motion for reargument.

Ordered that the appeal from the order entered March 22, 1993, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 22, 1993, is modified, on the law, by (1) deleting the provision thereof which denied so much of the defendants' motion which was to dismiss the first and second causes of action sounding in foreclosure, and substituting therefor a provision granting the defendants' motion to dismiss the first and second causes of action, and (2) deleting the provision thereof which granted so much of the cross motion which was to amend the complaint to assert a cause of action sounding in unjust enrichment relating to all sums which were allegedly advanced by the plaintiff prior to August 5, 1986, and substituting therefor a provision granting the cross motion to the extent of permitting the plaintiff to serve an amended complaint asserting a cause of action sounding in unjust enrichment relating to all sums advanced by the plaintiff on or after August 5, 1986, and otherwise denying that branch of the cross motion which was for leave to serve an amended complaint; as so modified, the order entered January 22, 1993, is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve an amended complaint in accordance herewith is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

On or about November 12, 1970, the defendants (hereinafter the borrowers) borrowed $27,900 from Eastern Service Corp., secured by a mortgage on their home. Under the terms of the mortgage, the borrowers were obligated to make monthly payments of principal and interest in the amount of $342 until December 1, 2000, at which time the unpaid principal and interest shall become due and payable. On November 12, 1970, Eastern Mortgage Corp. assigned the mortgage to the Federal National Mortgage Association (hereinafter FNMA).

On or about May 22, 1974, FNMA commenced a foreclosure action, alleging that the borrowers had defaulted in payments commencing March 1, 1973, and exercised its option to accelerate all sums due under the mortgage by making demand in the complaint. A mistrial was declared in that action. The action was marked off the trial calendar on December 6, 1976, and was deemed dismissed one year thereafter *(see,* CPLR 3404). On January 3, 1979, FNMA assigned the mortgage to the predecessors of Metmor Financial, Inc. (hereinafter Metmor), the current owner and holder of the mortgage. The instant foreclosure action was commenced by service of a summons and complaint on August 5, 1992.

Contrary to Metmor's contention, although a lender may revoke its election to accelerate all sums due under an optional acceleration clause in a mortgage provided that there is no change in the borrower's position in reliance thereon *(see, Golden v Ramapo Improvement Corp.,* 78 AD2d 648, 650), the record is barren of any affirmative act of revocation occurring within the six-year Statute of Limitations period subsequent to the service of the complaint in the prior foreclosure action, wherein the holder of the mortgage notified the borrowers of its election to accelerate *(see, Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472, 476). The prior foreclosure action was never withdrawn by the lender, but rather, dismissed *sua sponte* by the court. It cannot be said that a dismissal by the court constituted an affirmative act by the lender to revoke its election to accelerate *(cf., Kilpatrick v Germania Life Ins. Co.,* 183 NY 163). Indeed, rather than seeking to revoke the prior election to accelerate, the plaintiff made a failed attempt in 1991 to revive the prior foreclosure action, and, in fact, in its complaint in the instant action commenced in 1992, the plaintiff continues to seek recovery of the entire mortgage debt pursuant to the acceleration clause. Once the mortgage debt was accelerated, the borrowers' right and obligation to make monthly installments ceased and all sums became immediately due and payable *(see, Centerbank v D'Assaro,* 158 Misc 2d 92, 95). Therefore, the six-year Statute of Limitations began to run at that time *(see,* CPLR 213 [4]; *see also, Thompson v Willson,* 183 Misc 949, 952, *affd* 269 App Div 829; *Duval v Skouras,* 181 Misc 651, 655, *affd* 267 App Div 811). Consequently, this foreclosure action is time-barred *(see,* CPLR 213 [4]).

However, contrary to the borrowers' contention, Metmor stated a valid cause of action sounding in unjust enrichment to recover sums advanced, *inter alia,* for property taxes and

insurance, within the six-year period prior to the commencement of this action *(see,* CPLR 213; *McDermott v City of New York,* 50 NY2d 211, 217; *see also, McGrath v Hilding,* 41 NY2d 625, 629; *Community Natl. Bank & Trust Co. v State of New York,* 68 AD2d 999, 1000; *cf., Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Isaacs v Incentive Sys.,* 52 AD2d 550).

There is no merit to the borrowers' remaining contentions. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.