OPINION OF THE COURT
Henry F. Zwack, J.
In this residential mortgage foreclosure action, plaintiff Bank of New York Mellon moves pursuant to CPLR 3212 for summary judgment against defendant Erin Slavin, and pursuant to CPLR 3215 for default judgment against all other non-appearing defendants. Defendant Slavin opposes, and cross-moves for summary judgment on her counterclaim which seeks cancellation and discharge of the subject mortgage. No other defendants have appeared or opposed.
Plaintiff commenced a prior foreclosure action on October 6, 2006 against defendant Slavin (then Erin Mohammed), who defaulted and the court (McDonough, J.) granted plaintiff a default judgment on August 6, 2009. On January 23, 2013, Judge McDonough dismissed the matter pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27 on account of plaintiff’s failure to appear at a mandatory conference. On July 9, 2014, after plaintiff again failed to appear at a mandatory conference, and rejecting plaintiff’s offered excuse of law office failure, the court denied an application by plaintiff to vacate the 2013 dismissal order which was affirmed on July 30, 2015 by the Appellate Division, Third Department (Bank of N.Y. v Mohammed, 130 AD3d 1419 [2015]).
This foreclosure action was commenced on August 11, 2015. The summons and complaint were served on Slavin on August 25, 2015. Slavin interposed an answer with counterclaim on September 11, 2015. Plaintiff replied on September 25, 2015, and amended its reply on December 2, 2015. A residential mortgage foreclosure settlement conference (CPLR 3408) was held on January 11, 2016, with the court releasing the matter from the Settlement Part and permitting plaintiff to proceed with the foreclosure action.
*313 Now, plaintiff moves for summary judgment against Slavin, who opposes, pointing to the dismissal of the prior foreclosure action and argues that plaintiffs claims are barred by the applicable six-year statute of limitations (CPLR 213). In reply, plaintiff asserts that it is entitled to the tolling provisions of CPLR 205, that the 2013 dismissal was not for neglect to prosecute, and that it timely commenced the instant action within six months after the Appellate Division affirmed the 2013 dismissal of the prior action. Plaintiff also asserts that it revoked the 2006 acceleration of the subject debt and thus the statute of limitations had not yet run when it commenced the 2015 action here arguing that a 2009 trial modification, which included trial period payments between September 2009 and February 2010, revoked the acceleration of debt in the 2006 foreclosure action.
On a motion for summary judgment in a mortgage foreclosure action,
“where a mortgagee produces the mortgage and unpaid note, together with evidence of the mortgagor’s default, the mortgagee demonstrates its entitlement to a judgment of foreclosure as a matter of law, thereby shifting the burden to the mortgagor to assert and demonstrate, by competent and admissible evidence, any defense that could properly raise a question of fact” (United Cos. Lending Corp. v Hingos, 283 AD2d 764, 765 [3d Dept 2001]).
Here, plaintiff has set forth the requisite proof that it is the owner of the subject mortgage, which collateralizes the defendant’s unpaid note, and that the defendant is in default under the terms of the mortgage and note. In opposition, the defendant particularly asserts, citing to the 2013 dismissal of a prior foreclosure action, the affirmative defense that plaintiff’s claims are barred by the statute of limitations (CPLR 213). Defendant also argues in her counterclaims entitlement pursuant to RPAPL article 15 to cancellation and discharge of the subject mortgage, on account of the running of the statute of limitations to enforce defendant’s promissory note.
On the issue of whether plaintiff’s action to foreclose is barred by the statute of limitations, “defendant bears the initial burden of demonstrating . . . that the time within which to commence the action has expired” (Botach Mgt. Group v Gurash, 138 AD3d 771, 773 [2d Dept 2016] [citations omitted]) which Slavin conclusively met with documentary evidence establishing that plaintiff, by commencing the prior foreclosure *314 action on October 2, 2006, accelerated defendant’s debt, that it obtained a default judgment in 2009, and that the prior action was dismissed in 2013 in sum showing that the instant action, commenced in 2015, is time-barred because it was commenced after the expiration of the applicable statute of limitations, which occurred in 2012. The burden thus shifted to plaintiff “to raise a question of fact as to whether the limitations period ‘has been tolled or was otherwise inapplicable’ ” (Botach at 773, quoting QK Healthcare, Inc. v InSource, Inc., 108 AD3d 56, 65 [2013]), who argues that it is entitled to the savings provisions of CPLR 205 and thereby entitled to revive the otherwise time-barred attempt to foreclose the subject mortgage. Plaintiff also asserts that in 2009 it revoked the 2006 acceleration and argues that in any event that the statute of limitations to foreclose has not yet run.
Surely, this foreclosure action, commenced more than eight years after plaintiff accelerated the debt in 2006, is time-barred unless either rescued by CPLR 205 or by plaintiff having revoked its acceleration before the expiration of the statute of limitations.
“The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage” (Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122 [3d Dept 2016], quoting Lavin v Elmakiss, 302 AD2d 638, 639 [3d Dept 2003], lv dismissed 100 NY2d 577 [2003]).
“ ‘[A] suit to foreclose a mortgage is notice of the most unequivocal character that the mortgagee wishes to avail himself of his option for acceleration’ ” (Ward v Walkley, 143 AD2d 415, 417 [2d Dept 1988], quoting 55 Am Jur 2d, Mortgages § 387), and the “filing of a summons and complaint with notice of pendency is sufficient indication of the intent to accelerate the mortgage” (City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp., 88 AD2d 558, 559 [1st Dept 1982]). Once the debt is accelerated, the “election in this regard [may] be revoked only through an affirmative act [of revocation] occurring within the statute of limitations period” (Lavin at 639, citing EMC Mtge. Corp. v Patella, 279 AD2d 604, 605-606 [2d Dept 2001]).
“[Although a lender may revoke its election to accelerate all sums due under an optional acceleration clause . . . provided *315 . . . there is no change in the borrower’s position in reliance thereon” (Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894 [2d Dept 1994]), the revocation should be clear, unequivocal, and give actual notice to the borrower of the lender’s election to revoke in sum, akin to the manner plaintiff gave notice to exercise the option to accelerate (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983 [2d Dept 2012]) particularly, where as here, the “prior foreclosure action was never withdrawn by the lender, but rather, dismissed sua sponte by the court . . . [and] rather than seeking to revoke [its] election to accelerate, the plaintiff made a failed attempt ... to revive the prior foreclosure action” (Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894 [2d Dept 1994]).
However viewed, there is simply no merit to plaintiff’s claim that a failed 2009 trial modification plan acted to revoke the 2006 acceleration of the subject debt. “[T]he mere acceptance of a partial payment of the accelerated debt . . . [is] not an affirmative act revoking the acceleration and thereby halting the running of the statute of limitations” (UMLIC VP, LLC v Mellace, 19 AD3d 684, 684 [2d Dept 2005]; Colonie Block & Supply Co. v Overmyer Co., 35 AD2d 897, 897 [3d Dept 1970]). The 2009 trial modification plan specifically preserved intact the 2006 foreclosure action, including that the “pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action.” Further, the trial plan also did not include an acknowledgment by defendant of the mortgage debt or promise to repay the debt, sufficient to act as a waiver of the statute of limitations (General Obligations Law § 17-105; PSP-NC, LLC v Raudkivi, 138 AD3d 709 [2d Dept 2016]).*
Turning next to whether plaintiff is entitled to the tolling provisions of CPLR 205, plaintiff points to the commencement of this foreclosure action within six months after the termination of the prior action when the Appellative Division affirmed the dismissal of the 2006 action (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519-520 [2005]) and asserts that the 2006 foreclosure action was dismissed “as a result only of Plaintiff’s counsel’s failure to appear at a single *316 Court-ordered conference . . . and not for neglect to prosecute the action.”
A review of the proceedings in the prior foreclosure action strips away any merit to plaintiff’s claim that the 2006 action was not dismissed for neglect to prosecute, or that it was dismissed solely on account of a single failure to attend a conference. To the contrary, the prior foreclosure action was dismissed on account of plaintiff’s overall pattern of neglect, which culminated in a 2013 dismissal after plaintiff failed to appear at a conference that the court scheduled solely on account of plaintiff taking no steps to move the matter along after it took a default judgment in 2009. In May 2012, Judge McDonough requested a status report, plaintiff responded telling the court that it would “be vacating the order and reference and moving for a new order of reference.” The matter continued to remain inactive, Judge McDonough scheduled a December 2012 conference which plaintiff failed to attend and dismissed the matter in 2013. Plaintiff moved to vacate the dismissal order, this court scheduled a hearing on the application, and plaintiff again failed to appear. The Appellate Division, in affirming the court’s denial of plaintiff’s application to vacate the 2013 dismissal order, noted “the excuse proffered by plaintiff for failing to appear at the two conferences—that counsel calendared the conference on the wrong date—is not a reasonable excuse, especially in light of the fact that counsel committed the same error twice.” (Bank of N.Y., 130 AD3d at 1420.)
The prior action was dismissed on account of plaintiff’s default, which “should be treated consistently with what it is, a serious failure to recognize the importance of the orderly disposition of cases” (Basetti v Nour, 287 AD2d 126, 134 [2d Dept 2001]). Although the 2013 dismissal order, other than stating a failure to attend a conference and dismissing pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27, did not specifically recite plaintiff’s other dilatory acts in prosecuting the foreclosure action, on this record the dismissal can only be treated as one for neglect to prosecute (Doyle v American Home Prods. Corp., 583 F3d 167, 170-171 [2d Cir 2009]). Contrary to plaintiff’s contentions, the record speaks volumes of an overall lack of diligence in prosecuting the prior action, including lengthy delays in moving the matter along and failure to comply with scheduling orders, all of which sufficiently established “a pattern of willful default, and neglect” (Piacentini v Mineola Union Free School Dist., 267 AD2d 290, 291 [2d Dept 1999]), without reasonable excuse.
*317 Accordingly, it is ordered, that plaintiff’s motion is denied in its entirety; and it is further ordered that defendant’s cross motion is granted in its entirety; and it is further ordered that the plaintiff’s complaint is dismissed; and it is further ordered that the Rensselaer County Clerk is directed to cancel and discharge of record a mortgage made by Erin Mohammed, also known as Erin Slavin, dated September 15, 2005, and recorded in book 3087 at page 117.

 The copy of the trial plan offered by plaintiff is also not signed by plaintiff.