OPINION OF THE COURT
Alan D. Scheinkman, J.
In this residential foreclosure action, defendant moves for an order dismissing the complaint and for legal fees; plaintiff cross-moves to strike the answer and counterclaims of defendant, or in the alternative to compel discovery.
The critical facts may be succinctly stated. Plaintiff’s predecessor-in-interest brought a foreclosure action against defendant in 2009 and, in doing so, elected to accelerate all sums due on the underlying debt. The prior action was dismissed for failure to prosecute in March 2015. One month later, the attorney for the servicer, on behalf of plaintiff, purported to give notice to defendant that it rescinded the acceleration. Plaintiff commenced the present action in December 2015, more than six years after the underlying debt had been accelerated. The question of law presented is whether the mortgagee has effectively rescinded the prior acceleration of the underlying debt so as to avoid application of the statute of limitations. This court holds that, under the circumstances presented, the mortgagee did not do so and the present action is time-barred.
Factual and Procedural Background
This action was commenced by .the filing of a summons, complaint and notice of pendency with the Westchester County Clerk on December 2, 2015 via the New York State Courts Electronic Filing system (hereafter NYSCEF). Defendant Jhon Bernal (hereafter borrower) filed an answer with counterclaims via NYSCEF on December 24, 2015. Plaintiff filed a notice of rejection of borrower’s answer on December 24, 2015 and filed a reply to the counterclaims on January 13, 2016.
Plaintiff alleged in the complaint, inter alia, that on or about March 12, 2007, borrower executed and delivered a note *917 whereby borrower promised to pay $425,000 plus interest on the unpaid amount due, permitting the principal balance to increase to a total maximum obligation of $467,500. Plaintiff further alleged that as security for payment of said note that borrower duly executed and delivered a mortgage which was recorded in the office of the Westchester County Clerk on September 20, 2007. Plaintiff stated that the mortgaged property address is known as 27 Morgan Street, New Rochelle, New York 10805. Plaintiff alleged that it is the owner and holder of the subject note and mortgage or has authority to commence this action on behalf of the owner. Plaintiff alleged that borrower defaulted on its obligations under the note and mortgage by failing to make the payment that was due on March 1, 2009 and thereafter. Plaintiff alleges that it accelerated the underlying debt by notice given on July 31, 2015.
On December 23, 2015 plaintiff filed a specialized request for judicial intervention indicating that this action was eligible pursuant to CPLR 3408 (a) for a mandatory settlement conference. On December 23, 2015, the office of the clerk of the Foreclosure Settlement Conference Part (hereafter FSCP) filed a foreclosure conference notice advising the parties to appear for an initial settlement conference on “1/25/16 at 9:30 a.m., on the 18th floor Courtroom 1803 of the Westchester County Courthouse.” A copy of the notice was also sent to borrower via U.S. mail. On January 15, 2016 both parties appeared in the FSCP by counsel. The matter was released without settlement on that date and plaintiff was directed to resume prosecution of the action. The matter was adjourned to the FSCP Dismissal Calendar on July 8, 2016. On July 8, 2016 plaintiff’s counsel appeared in the FSCP and a preliminary conference was scheduled for September 14, 2016.
A preliminary conference was held on September 14, 2016 and a preliminary conference stipulation was executed by the parties and “so-ordered” by this court on September 28, 2016. The stipulation was filed via NYSCEF on September 29, 2016. A trial readiness conference was held on March 13, 2017 and adjourned to June 5, 2017.
Borrower filed the instant motion to dismiss the complaint and for attorneys’ fees on November 28, 2016. Plaintiff filed opposition to the motion and a cross motion to strike the answer or compel discovery on January 6, 2017. The parties filed a *918 stipulation to adjourn the motion to January 27, 2017. The motion was deemed fully submitted on that date.[1]
Discussion
Defendant moves to dismiss the complaint on the basis that this action is time-barred.
A foreclosure action is subject to a six-year statute of limitations (see CPLR 213 [4]).
“With respect to a mortgage payable in installments, separate causes of action accrued for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due . . . However, ‘even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt’ ” (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982 [2d Dept 2012]).
It is undisputed that on July 14, 2009, Aurora Loan Services, LLC filed a summons and complaint commencing a prior action regarding the same mortgage debt that is at issue in the instant action. The prior action was dismissed on March 11, 2015 for lack of prosecution. Defendant had moved for dismissal pursuant to CPLR 3216 (entitled “Want of prosecution”), which motion was not opposed by plaintiff. Since the March 11, 2015 dismissal order did not specify that the dismissal was “with prejudice,” the dismissal, by operation of law, was without prejudice (CPLR 3216 [a]).
Defendant argues that “clearly, the notice of acceleration was served before the complaint dated July 14, 2009 [in the prior action] was filed” (see defendant’s mem of law, preliminary statement). Defendant offers no evidence to show that the debt was accelerated before the filing of the summons and complaint, contending instead, that paragraph 22 of the mortgage at issue mandates that the lender serve a “notice of acceleration,” which is a condition precedent to filing a foreclosure action. Thus, defendant reasons, either the notice of acceleration was provided *919 to him at least 30 days before the prior action was commenced and the debt was therefore accelerated prior to commencement, or the prior action was improperly filed as Aurora failed to meet a condition precedent.
Defendant mischaracterizes the requirement of paragraph 22 of the mortgage. That section does not mandate acceleration of the mortgage debt, it grants an election for the lender to accelerate the debt if certain conditions are met. Here, the complaint filed in the prior action on July 14, 2009 clearly states in paragraph five that “[p]laintiff elects to call due the entire amount secured by the mortgage.”
As acceleration of the mortgage debt at issue was at the discretion of the lender, the borrower must be put on notice that the lender elected to accelerate the debt. The commencement of a foreclosure action is sufficient to do so (EMC Mtge. Corp. v Smith, 18 AD3d 602, 603 [2d Dept 2005]; Clayton Natl. v Guldi, 307 AD2d 982 [2d Dept 2003]; see also Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). Consequently, the mortgage debt was accelerated by not later than July 14, 2009, the entire amount became due, and the statute of limitations began to run on the entire debt as of that date (EMC Mtge. Corp. v Patella, 279 AD2d 604 [2d Dept 2001]).[2] Since this action was commenced on December 2, 2015, more than six years elapsed between the acceleration and the commencement of this action, making this action vulnerable to dismissal as time-barred. Stated differently, since defendant has met his initial burden of demonstrating that the time within which to commence the action has expired, the burden shifts to plaintiff to raise a question of fact as to whether the limitations period has been tolled or is otherwise inapplicable (Botach Mgt. Group v Gurash, 138 AD3d 771 [2d Dept 2016]; Bank of N.Y. Mellon v Slavin, 54 Misc 3d 311 [Sup Ct, Rensselaer County 2016]).
Plaintiff argues that the debt at issue was not accelerated by the filing of the 2009 action because Aurora, the prior plaintiff, did not have standing to bring that action {see plaintiff’s affirmation in opposition ¶ 34). Plaintiff asserts that as the note contains only specific indorsements to entities other than Aurora, that Aurora could therefore not have had standing to sue, and thus lacked authority to accelerate the debt.
In support of its argument, plaintiff cites Wells Fargo Bank, N.A. v Burke (94 AD3d 980 [2d Dept 2012]). In that case, it *920 was held that the plaintiff had voluntarily discontinued the action after having been advised that it did not have standing. In this matter, the action was not voluntarily discontinued on the basis of lack of standing, it was dismissed based on failure to prosecute. There was no judicial determination in the prior action that the plaintiff therein, Aurora Loan Services, LLC, lacked standing. On this motion, the only evidence offered in support of the contention that Aurora lacked standing is that the note at issue was not specifically indorsed to Aurora. However, the absence of an indorsement is not determinative by itself since an assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery (Bank of N.Y. v Silverberg, 86 AD3d 274, 280 [2d Dept 2011]). Here, plaintiff has not offered any evidence that would show that Aurora did not have physical possession of the note at the time it commenced the prior action. To the contrary, plaintiff in its complaint herein alleges that the mortgage “was subsequently assigned to Aurora Loan Services LLC,” then assigned to Na-tionstar Mortgage LLC, and then to plaintiff (complaint ¶ 3). While plaintiff does not state the dates of these alleged assignments, it remains that plaintiff in its pleading admits that the mortgage was assigned to Aurora, which is a formal judicial admission and is conclusive of that fact in this action (see DeSouza v Khan, 128 AD3d 756 [2d Dept 2015]). Since plaintiff has not shown that the mortgage was assigned by Aurora prior to the commencement of the prior action, plaintiff has failed to show that Aurora lacked standing to accelerate the debt by the filing of the 2009 complaint.
Plaintiff also erroneously asserts throughout its opposition that Aurora voluntarily discontinued the prior action (see plaintiffs affirmation in opposition ¶ 4 [“(t)he prior action was voluntarily withdrawn”]; ¶ 41 [“not only did Aurora voluntarily dismiss the prior action”]; f 11 [“(t)he prior action was discontinued on or about March 11, 2015”]). Plaintiffs assertions that the matter was voluntarily withdrawn or discontinued are manifestly incorrect. The matter was dismissed for failure to prosecute pursuant to CPLR 3216 by order of Hon. Joan B. Lefkowitz signed and entered on March 11, 2015.
Plaintiff uses its various and erroneous references to the prior action having been voluntarily discontinued as the predicate for the contention that since the prior action was dismissed, such dismissal served to revoke the acceleration of the note. To support its argument, plaintiff relies on authority *921 from Florida that the effect of an involuntary dismissal of a mortgage foreclosure action is revocation of the acceleration, which reinstates the mortgagor’s right to continue to make payments on the note and the right of the mortgagee to seek acceleration and foreclosure based on the mortgagor’s subsequent defaults (Bartram v U.S. Bank N.A., 211 So 3d 1009 [Fla 2016]). This action is governed by New York law and New York law is to the contrary.
As the Appellate Division, Second Department held in Federal Natl. Mtge. Assn. v Mebane (208 AD2d 892, 894 [2d Dept 1994]), “It cannot be said that a dismissal by the court constituted an affirmative act by the lender to revoke its election to accelerate” (see also Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985 [2d Dept 2016]; EMC Mtge. Corp. v Patella, 279 AD2d 604 [2d Dept 2001]). Therefore, plaintiff’s argument that the dismissal of the prior action acted as a revocation of the acceleration of the loan and thus tolled the statute of limitations fails.
Plaintiff contends that the acceleration of the loan was revoked by a letter to defendant, dated April 30, 2015, from William C. Sandelands, Esq., of Sandelands Eyet LLP. That letter states:
“This office is counsel to Nationstar Mortgage LLC (‘Nationstar’). Nationstar is the current servicer of the Loan. This letter is [to] notify you that Nation-star, as servicer and on behalf of Deutsche Bank Trust Company, Americas as Trustee for Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH6, hereby rescinds and abandons any acceleration or purported act of acceleration, including but not limited to, notice of acceleration served upon you in a Complaint filed July 14, 2009 by Aurora Loan Services LLC.
“This rescission should not be interpreted, and is in no way intended to act, as a waiver of any rights Nationstar or [plaintiff] have, or their successors or assigns may have, in the Loan, including the right to accelerate the maturity of the indebtedness, sue to collect the indebtedness, and/or foreclose the mortgage securing the indebtedness in the future. Nationstar and [plaintiff] expressly reserve the right to accelerate the maturity of the indebtedness, suit to collect the indebtedness, and/or to foreclose the mortgage securing] the indebtedness in the future.”
*922 While a court’s dismissal of a foreclosure action does not constitute a revocation of a lender’s election to accelerate a loan, a lender may revoke its acceleration by an affirmative act of revocation, provided that the borrower has not changed his or her position in reliance on the acceleration (EMC Mtge. Corp. v Patella, 279 AD2d 604 [2d Dept 2001]; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892 [2d Dept 1994]). Here, plaintiff argues that the letter of April 30, 2015 was an affirmative act of revocation and, because it was sent before the six-year statute of limitations period would have expired (as measured from the date of acceleration), defendant was not substantially prejudiced. Plaintiff’s argument fails for several reasons.
First, this court is of the view that a letter from an attorney, purportedly acting as agent for either or both the servicer and the noteholder, is insufficient to constitute the affirmative act of the noteholder effective to rescind a prior acceleration where the letter was not accompanied by any evidence, or even an explanation, of: (a) when, and by what authority, the note-holder acquired the note; (b) the authority by which the ser-vicer was authorized to act for the noteholder; and (c) the authority by which counsel was authorized to act for either or both the servicer and the noteholder (cf. Siegel v Kentucky Fried Chicken of Long Is., 108 AD2d 218 [2d Dept 1985]). Here, there was no showing that defendant knew, or should have known, who the servicer was and who the noteholder was, much less that counsel was authorized to speak for and bind these entities.
The original lender and mortgagee was First Magnus Financial Corporation. In the prior action, Aurora alleged that it was the owner and the holder of the note and mortgage and that defendant failed to pay the monetary obligations that came due on February 1, 2009. Because Aurora accelerated the debt, defendant was no longer entitled to make any of the monthly payments thereafter. There is no indication that defendant had any communications directly with Aurora during the pendency of the action, except through counsel. The court records reflect that at the time of the commencement of the prior action, Aurora was represented by Stephen J. Baum, P.C. and, at the time of dismissal, by Stein, Wiener & Roth LLP.
Since no motion was ever made in the prior action to substitute a different plaintiff for Aurora, and there is no evidence that defendant was ever notified of the two subsequent alleged assignments (Aurora to Nationstar; Nationstar to *923 plaintiff), there is no reason why defendant should have paid any heed to a letter from an attorney and law firm with no prior connection to the just-dismissed action, especially where the attorney presented himself as “counsel” to a previously uninvolved servicer who was purporting to act on behalf of a previously uninvolved noteholder.
The note authorizes the “Note Holder” to accelerate the loan (note §§ 7, 11). Under the circumstances, a decision by the noteholder to revoke the acceleration elected by a prior holder should have come directly from the noteholder, together with evidence of its authority to act as “Note Holder.” Even if an agent for the noteholder could act for its principal, evidence of its authority to so act should have been provided. And, for an attorney to act for the agent for a principal—the servicer— with the attorney, being in effect a subagent, the attorney should have provided evidence of his authority.
Second, as above noted, revocation is not permitted where the borrower has changed his or her position in reliance on the prior acceleration (Federal Natl. Mtge. Assn. v Mebane). One such change in position is the borrower’s reliance upon the acceleration as a basis for not paying monthly installments coming due after the acceleration. When the mortgage was accelerated, the borrower’s right and obligation to make monthly installments ceased (Federal Natl. Mtge. Assn, v Mebane, 208 AD2d 892 [2d Dept 1994]). While the borrower may have defaulted in the first place due to financial inability, it is certainly plausible that the borrower may have, in the interim, acquired the ability to pay arrears and maintain current payments, though lacking the ability to pay off the entire debt. If the acceleration is revoked, the borrower would have had the right to make the monthly payments coming due between the time when the loan was accelerated and when the acceleration was revoked, together with the right to make future monthly payments. Since the borrower may have perceived that the lender would not accept monthly payments, in order to effectively rescind the acceleration, the lender should have notified the borrower that the borrower’s right to monthly payment was restored and that the lender would accept such payments.
Here, even if the attorney’s letter was authorized, the letter failed to notify defendant that he had the right to resume making monthly payments and that the noteholder was willing to accept same. The letter did not give defendant notice that he had the right to pay the monthly payment that came due dur *924 ing the pendency of the litigation or the right to make current monthly payments or notice that plaintiff would accept the payments. Plaintiff doubtless sought to revoke the acceleration in order to avoid the serious statute of limitations issue presented. But it could not do so without offering to place defendant in the same position he would have been in had the loan not been accelerated, i.e., obligated to make only the payments that came due or come due,[3] rather than the entire balance. Indeed, on July 31, 2015, plaintiff sent a new notice of acceleration, just three months after its purported revocation of the prior acceleration, asserting that the loan is past due for the March 1, 2009 payment “and is due for all payments from and including that date.” Thus, plaintiff proceeded to re-accelerate the loan without first informing defendant of his right to make up the past due monthly payments and to pay currently and of plaintiffs obligation to accept such payments; had those payments been made, plaintiff would not have been entitled to re-accelerate.
For these reasons, the court concludes that the letter of April 30, 2015 was ineffective to revoke the prior acceleration of the loan and, therefore, this action, instituted more than six years after the prior acceleration, is time-barred. In view of this determination, the court need not reach the question as to whether it is permissible for a lender, whose prior action was dismissed for lack of prosecution, to revoke the acceleration of the debt on the eve of the expiration of the statute of limitation for the purpose of interposing a new acceleration and thus resetting the limitations clock. There is much merit in the view expressed by the court in Soroush v Citimortgage, Inc. (2016 NY Slip Op 32750[U] [Sup Ct, Queens County 2016, Modica, J.]) that recision of acceleration should be precluded altogether where a dilatory lender seeks to manipulate the process in order to avoid the statute of limitations bar that would result from its own prior lack of diligence in prosecuting its claim. On the other hand, the Second Department has seemingly authorized revocation of acceleration where it is done by an “affirmative act of revocation occurring within the six-year Statute of Limitations period subsequent to the service of the complaint *925 in the prior foreclosure action” (Federal Natl. Mtge. Assn. v Mebane, 208 AJD2d at 894; accord EMC Mtge. Corp. v Patella, 279 AD2d 604 [2d Dept 2001]). While a lender cannot revoke its acceleration after the statute of limitations has run (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985 [2d Dept 2016]), it may well be that the borrower would not be prejudiced in a legal sense by loss of a prospective defense which will not ripen into an actual defense because the lender acted before the statute ran.
The court concludes the mortgage debt at issue in this action was accelerated by the filing of a summons and complaint on July 14, 2009. The acceleration was never validly revoked. Therefore, this action, filed on December 2, 2015, is barred by the statute of limitations and therefore, defendant’s motion to dismiss the complaint should be granted.
Plaintiff’s cross motion should be dismissed as moot.
Conclusion
It is hereby ordered that the motion by defendant Jhon Ber-nal to dismiss the complaint herein (sequence No. 1) shall be, and is hereby, granted; and it is further ordered that the County Clerk of the County of Westchester be and hereby is directed to cancel and discharge of record, all notices of pendency filed in this action on and against the premises known commonly as 27 Morgan Street, City of New Rochelle, County of Westchester, and that said Clerk is hereby directed to enter upon the margin of the record of the same, a notice of cancellation referring to this order; and it is further ordered that the cross motion by plaintiff Deutsche Bank National Trust Company Americas, as Trustee for Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH6, to strike the answer and counterclaims of said defendant or to compel said defendant to provide discovery responses shall be, and is hereby, denied, as moot; and it is further ordered that any other relief requested herein and not decided is denied.

. This motion was deemed fully submitted on January 27, 2017 at 9:30 a.m. pursuant to a stipulation filed on January 17, 2017. Therefore, the opposition to plaintiff’s cross motion and reply papers submitted by borrower via NYSCEF on January 27, 2017 at 10:13 p.m. were not considered. The submission was untimely as the motions had been deemed fully submitted prior to borrower’s submission and no explanation has been provided as to why the papers were submitted late.

. Of course, if notice of acceleration had been provided at an earlier date, the statute of limitations would have commenced running sooner.

. It is not necessary, for present purposes, to address whether plaintiff could have insisted upon interest and late fees. While interest and late fees may be obligations that the lender could impose upon a failure to pay a monthly installment, the imposition of such obligations retroactively, when the borrower’s monthly payments (due to the acceleration) would not have been accepted by the lender, seems harsh.