In an action, inter alia, to recover damages for legal malpractice, the defendants Naidich Wurman Birnbaum & Maday, LLP, and Robert P. Johnson appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered August 20, 2015, as denied that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging legal malpractice insofar as asserted against them.
 

 Ordered, that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiffs in this action, Yaron Hershco, United Property Group, LLC, United Homes, LLC, and Galit Network, LLC (hereinafter collectively Hershco-United-Galit), were the defendants in actions brought in the United States District Court for the Eastern District of New York by six home buyers who alleged that they were sold defective and damaged homes that had been represented as “newly renovated.” The federal actions, which were consolidated, were tried before a jury, and a judgment was entered against Hershco-United-Galit. The judgment was affirmed on appeal by the United States Court of Appeals for the Second Circuit. Hershco-United-Galit subsequently commenced this legal malpractice action in the Supreme Court, Queens County, against various attorneys who allegedly represented them in their defense of the federal actions. As relevant here, the defendants Naidich Wurman Birn-baum & Maday, LLP, and Robert P. Johnson (hereinafter together the appellants), moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied that branch of the appellants’ motion which was to dismiss the legal malpractice cause of action insofar as asserted against them.
 

 A motion to dismiss on the basis of CPLR 3211 (a) (1) may be granted “only where the documentary evidence utterly refutes plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see 413 Throop, LLC v Triumph, the Church of the New Age, 153 AD3d 1306, 1307 [2017]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts alleged in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87 [1994]; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125 [2009], affd 16 NY3d 775 [2011]).
 

 “In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney Tailed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301-302 [2002]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442).
 

 Here, as the Supreme Court correctly determined, the allegations in the complaint are sufficient to state a cause of action against the appellants to recover damages for legal malpractice. Accordingly, the appellants were not entitled to dismissal under CPLR 3211 (a) (7). Moreover, the appellants were not entitled to dismissal under CPLR 3211 (a) (1). The documentary evidence they submitted, which included the orders of the District Court and the federal Court of Appeals, among other things, did not conclusively establish a defense to Hershco-United-Galit’s cause of action alleging legal malpractice. Specifically, the documentary evidence did not conclusively establish that the appellants had no role in representing Hershco-United-Galit at the federal trial and on posttrial motions. Moreover, the documentary evidence failed to conclusively establish that the appellants’ alleged deficiencies were not a proximate cause of Hershco-United-Galit’s unfavorable result in the federal actions.
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.