Milone v US Bank Natl. Assn. (2018 NY Slip Op 05760)





Milone v US Bank Natl. Assn.


2018 NY Slip Op 05760


Decided on August 15, 2018


Appellate Division, Second Department


Dillon, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-02068
 (Index No. 100268/15)

[*1]Diane Milone, appellant, 
v
US Bank National Association, etc., respondent.



APPEAL by the plaintiff, in an action pursuant to RPAPL 1501(4) to cancel and discharge a mortgage and note, from an order of the Supreme Court (Philip G. Minardo, J.), dated November 25, 2015, and entered in Richmond County. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint with prejudice, and denied the plaintiff's cross motion for summary judgment on the complaint.



DeSocio & Fuccio, P.C., Oyster Bay, NY (James B. Fuccio of counsel), for appellant.
Reed Smith LLP, New York, NY (Diane A. Bettino and Siobhan A. Nolan of counsel), for respondent.



DILLON, J.P.


OPINION & ORDER
The instant appeal provides us with an occasion to address the timeliness and required proofs for the valid de-acceleration of note obligations underlying residential mortgage foreclosure actions.
I. Facts
On September 20, 2004, the plaintiff purchased residential real estate in Staten Island. The transaction included the plaintiff's execution of a note in the sum of $1,235,000, which was secured by a mortgage upon the premises. The lender listed on the note was "Wall Street Mortgage Bankers Ltd. d/b/a Power Express" (hereinafter WSMB). The note provided for, inter alia, interest-only payments due and owing the first of each month for 120 months, with full maturity of the obligation on April 1, 2036. On December 28, 2007, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee of WSMB, assigned the mortgage to the defendant, US Bank National Association (hereinafter US Bank).
The plaintiff defaulted on her obligations under the note beginning with the payment due on October 1, 2008, and continuing each month thereafter. By letter dated November 16, 2008, an entity known as America's Servicing Co. (hereinafter ASC) advised the plaintiff that her account was in default, and that if a stated amount of delinquency and fees was not paid within 30 days, the circumstances "will result in the acceleration of your Mortgage Note . . . [and that o]nce acceleration has occurred, a foreclosure action, or any other remedy permitted under the terms of your Mortgage or Deed of Trust, may be initiated." The plaintiff did not pay the delinquency and fees, and on January 13, 2009, US Bank commenced a foreclosure action against her in the Supreme Court, Richmond County, by the filing of a summons and complaint with the Richmond County Clerk.
The standing of US Bank, which was not named on the note, must have been an issue between the parties in the foreclosure action, since the Supreme Court executed a preliminary conference order on September 20, 2011, directing US Bank to produce the original note by October 5, 2011. No original note was thereafter produced, and on February 29, 2012, the foreclosure action [*2]was dismissed.
Matters lay dormant until October 21, 2014. By letter of that date sent to the plaintiff, Wells Fargo Bank N.A. (hereinafter Wells Fargo), which represented itself as US Bank's loan servicer, noted the plaintiff's continued default on the note. It also stated that Wells Fargo "hereby de-accelerates the maturity of the Loan, withdraws its prior demand for immediate payment of all sums secured by the Security Instrument and re-institutes the loan as an installment loan."
More than four months later, on March 10, 2015, the plaintiff commenced this action pursuant to RPAPL 1501 to cancel and discharge the mortgage and note. The plaintiff specifically alleged that more than six years had passed from ASC's letter of November 16, 2008, by which the note associated with the mortgage was accelerated; that US Bank's foreclosure action had been dismissed; and that no new foreclosure action had been timely commenced.
US Bank moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint in its entirety. US Bank argued, through an affidavit of Wells Fargo's vice president of loan documentation and annexed documentary evidence, that payment of the note, which had previously been accelerated, was de-accelerated by Wells Fargo's letter to the plaintiff dated October 21, 2014. Counsel for US Bank reasoned that since the de-acceleration was communicated within six years of the earlier acceleration, no violation of the statute of limitations occurred, and a new six-year limitations period would begin to run if US Bank were to accelerate the note in the future.
The plaintiff cross-moved for summary judgment on the complaint. In support of her cross motion, and in opposition to US Bank's dismissal motion, the plaintiff argued that no right of
de-acceleration was contained in the note or mortgage; that US Bank's decision to de-accelerate rather than to commence a new action within the original six years is a tacit admission that it does not possess the original note; that once an acceleration option is exercised, it cannot be revoked; that construing the note and mortgage as allowing a de-acceleration and extending the statute of limitations would violate public policy; and that the purported de-acceleration was per se prejudicial to the borrower.
In the order appealed from, the Supreme Court, without analysis, granted US Bank's motion to dismiss the complaint with prejudice, and denied the plaintiff's cross motion for summary judgment on the complaint.
For reasons set forth below, we modify the order appealed from. While we agree with the Supreme Court's determination to deny the plaintiff's cross motion for summary judgment on the complaint, we conclude that the court also should have denied US Bank's motion to dismiss the complaint.
II. Legal Analysis
US Bank's motion to dismiss and the plaintiff's cross motion for summary judgment are governed by different standards of proof. Therefore, if one party loses its motion, that result does not necessarily require that the other party prevails, since each motion must be measured by its own discrete standard of proof.
The required forms of proof are well established. A motion to dismiss pursuant to CPLR 3211(a)(1) on the ground of documentary evidence may only be granted where the documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Hutton Group, Inc. v Cameo Owners Corp., 160 AD3d 676; Hershco v Gordon & Gordon, 155 AD3d 1007, 1008). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true and afford the plaintiff the benefit of every favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Hershco v Gordon & Gordon, 155 AD3d at 1008; Cruciata v O'Donnell & McLaughlin, Esqs., 149 AD3d 1034, 1034-1035). A motion for summary judgment, by contrast, may be granted only if the movant tenders sufficient evidence in admissible form demonstrating, prima facie, the absence of triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). If that burden is met, the burden shifts to the party opposing the motion to produce evidentiary proof in an admissible form establishing the existence of material issues of fact requiring trial (see Zuckerman v City of New York, 49 NY2d at 562).
A. The Statute of Limitations for Mortgage Debt Accelerations
The cause of action in the complaint to cancel and discharge the mortgage and note [*3]is governed by RPAPL 1501(4). The statute provides that a person with an estate or interest in real property subject to an encumbrance may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see RPAPL 1501[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). Actions to foreclose upon a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980). When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt (see U.S. Bank N.A. v Joseph, 159 AD3d 968; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659; 53 PL Realty, LLC v US Bank N.A., 153 AD3d at 895; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Determining precisely when a mortgage is accelerated is therefore a key aspect in any action or proceeding commenced pursuant to RPAPL 1501(4).
An acceleration of a mortgage debt may occur in different ways. One way is in the form of an acceleration notice transmitted to the borrower by the creditor or the creditor's servicer. To be effective, the acceleration notice to the borrower must be clear and unequivocal (see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; Sarva v Chakravorty, 34 AD3d 438, 439). A second form of acceleration, which is self-executing, is the obligation of certain borrowers to make a balloon payment under the terms of the note at the end of the pay-back period (see Trustco Bank N.Y. v 37 Clark St., 157 Misc 2d 843, 844 [Sup Ct, Saratoga County]). A third form of acceleration exists when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Clayton Natl. v Guldi, 307 AD2d 982; City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp., 88 AD2d 558, 559).
Here, we find that both parties have been under a mistaken impression that the letter sent to the plaintiff by ASC dated November 16, 2008, fixed the date of the acceleration for statute of limitations purposes. It did not. The language in the letter, that the plaintiff's failure to cure her delinquency within 30 days "will result in the acceleration" of the note, was merely an expression of future intent that fell short of an actual acceleration (see Bank of Am., N.A. v Luma, 157 AD3d 1106; 21st Mtge. Corp. v Adames, 153 AD3d 474). The notice to the plaintiff was not clear and unequivocal, as future intentions may always be changed in the interim. In making this finding, we respectfully disagree with our colleagues in the Appellate Division, First Department, who addressed similar language and held otherwise in Deutsche Bank Natl. Trust Co. v Royal Blue Realty Holdings, Inc. (148 AD3d 529).
Nevertheless, when US Bank commenced its foreclosure action against the plaintiff on January 13, 2009, paragraph "Fifth" of its complaint expressly "elect[ed] to call due the entire amount secured by the mortgage." An acceleration of the full amount of the debt occurred in this instance upon the filing of the summons and complaint in the foreclosure action. We therefore measure the applicable six-year statute of limitations from the date the foreclosure action was commenced, January 13, 2009. Since US Bank withdrew its original foreclosure action and did not commence a new action before Tuesday, January 13, 2015, the plaintiff, in support of her cross motion, submitted evidence establishing, prima facie, that the six-year statute of limitations had expired and that she was entitled to summary judgment on the RPAPL 1501(4) cause of action (see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234).
Of course, we have held, and it is now well settled, that an acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so (see U.S. Bank N.A. v Gordon, 158 AD3d 832; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d at 663; DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 819; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983-984; EMC Mtge. Corp. v Suarez, 49 AD3d 592; Deutsche Bank Natl. Trust Co. Ams. v Bernal, 56 Misc 3d 915, 919 [Sup Ct, Westchester County]). Here, conceivably, US Bank could have attempted to defeat the plaintiff's action by arguing that it did not have standing to accelerate the full amount of the plaintiff's debt, which would explain its failure to produce the original note resulting in the dismissal of the foreclosure action on February 29, 2012. The absence of a valid acceleration would mean that [*4]the statute of limitations had never even begun to run on the full debt, and thereby defeat the plaintiff's RPAPL 1501(4) cause of action in its entirety. However, any such argument would have the additional and perhaps unpalatable effect of rendering untimely any claim of US Bank for missed mortgage payments older than six years and counting.
B. De-acceleration
In support of its motion to dismiss and in opposition to the plaintiff's cross motion for summary judgment, US Bank relies upon Wells Fargo's de-acceleration letter to the plaintiff dated October 21, 2014. To the extent this Court has held that acceleration notices must be clear and unambiguous to be valid and enforceable (see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; Sarva v Chakravorty, 34 AD3d at 439), we likewise hold here that de-acceleration notices must also be clear and unambiguous to be valid and enforceable. The de-acceleration language used in this instance meets that criteria.
Courts must, of course, be mindful of the circumstance where a bank may issue a de-acceleration letter as a pretext to avoid the onerous effect of an approaching statute of limitations and to defeat the property owner's right pursuant to RPAPL 1501 to cancel and discharge a mortgage and note. Here, however, the de-acceleration letter containing a clear and unequivocal demand that the homeowner meet her prospective monthly payment obligations constitutes a de-acceleration in
fact and cannot be viewed as pretextual in any way. Specifically, a de-acceleration letter is not pretextual if, as here, it contains an express demand for monthly payments on the note, or, in the absence of such express demand, it is accompanied by copies of monthly invoices transmitted to the homeowner for installment payments, or, is supported by other forms of evidence demonstrating that the lender was truly seeking to de-accelerate and not attempting to achieve another purpose under the guise of de-acceleration (cf. Deutche Bank Natl. Trust Co. Ams. v Bernal, 56 Misc 3d at 923-924). In contrast, a "bare" and conclusory de-acceleration letter, without a demand for monthly payments toward the note, or copies of invoices, or other evidence, may raise legitimate questions about whether or not the letter was sent as a mere pretext to avoid the statute of limitations.
Contrary to the plaintiff's arguments, "[a] lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1069-1070; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887; U.S. Bank N.A. v Barnett, 151 AD3d 791, 793; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987; UMLIC VP, LLC v Mellace, 19 AD3d 684; Clayton Natl. v Guldi, 307 AD2d at 982; EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, US Bank's de-acceleration occurred on October 21, 2014, within six years measured from the commencement of its foreclosure action on January 13, 2009. Accordingly, while the plaintiff, in support of her cross motion, established her prima facie entitlement to summary judgment on her RPAPL 1501(4) cause of action, US Bank's timely de-acceleration notice raises a triable issue of fact requiring the denial of the plaintiff's cross motion.
As previously noted, the burden of proof governing a motion pursuant to CPLR 3211(a) is different from the burden of proof governing a motion pursuant to CPLR 3212. Therefore, US Bank's de-acceleration notice, which raises a triable issue of fact sufficient to defeat the plaintiff's cross motion for summary judgment, does not necessarily mandate dismissal of the complaint on the basis of that documentary evidence, because it fails to "utterly refute" the plaintiff's allegations as a matter of law.
We hold for the first time in the Appellate Division, Second Department, that just as standing, when raised, is a necessary element to a valid acceleration, it is a necessary element, when raised, to a valid de-acceleration as well.
Here, the de-acceleration notice dated October 21, 2014, does not establish that US Bank had standing to de-accelerate the earlier demand that the plaintiff's mortgage debt be paid in its entirety, and no other evidence submitted in support of US Bank's CPLR 3211(a)(1) motion to dismiss the complaint demonstrates that it had standing. This issue is particularly germane on this record, where US Bank had been directed to provide the original note under the terms of the preliminary conference order dated September 20, 2011, and the foreclosure action was thereafter dismissed on February 29, 2012. Had US Bank provided documentary evidence in support of its CPLR 3211(a)(1) motion establishing, inter alia, its standing to accelerate and de-accelerate the plaintiff's mortgage debt, it might have been entitled to dismissal of the complaint. Failing that, the motion to dismiss was not accompanied by documents utterly refuting the allegation in the plaintiff's [*5]complaint that US Bank's efforts to collect on the debt were time-barred.
C. The Lender's Right to De-Accelerate
The plaintiff argues that while paragraph 6 of the note permits the lender to accelerate the full amount of the principal and interest upon the borrower's default, the note contains no provision permitting the lender to revoke any such acceleration, and that a de-acceleration is therefore not contractually permitted. We disagree. Since the plain language setting forth the contractual right of the lender to accelerate the entire debt is discretionary rather than mandatory, US Bank maintained the right to later revoke the acceleration (see Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894; Golden v Ramapo Improvement Corp., 78 AD2d 648, 650).
D. Substantial Prejudice
Assuming arguendo, that the lender could revoke an earlier election to accelerate the debt, the plaintiff maintains that this Court should not permit US Bank to do so since she will be substantially prejudiced as a result.
Only if a borrower can demonstrate substantial prejudice may a court, in the exercise of its equity jurisdiction, restrain the lender from revoking its election to accelerate (see Kilpatrick v Germania Life Ins. Co., 183 NY 163, 169-170; Golden v Ramapo Improvement Corp., 78 AD2d at 650). Here, the plaintiff complains that the dismissal of US Bank's foreclosure action without a finding on the merits of its standing, coupled with a de-acceleration of the entire debt, causes her prejudice by leaving a lien on her home. She argues that she is further prejudiced by the effect of a de-acceleration that revives her obligation to make monthly payments on the underlying note to a party that arguably lacks provable standing.
The plaintiff is not substantially prejudiced as to warrant the exercise of equity jurisdiction in her favor. In September 2004, she executed a 30-year note in the sum of $1,235,000 subject to a mortgage securing the property, and made monthly payments for approximately four years before defaulting on her obligation in October 2008. Since that time, the plaintiff, without paying the mortgage or rent and without paying property taxes, has been residing at premises likely valued at more than $1 million. Moreover, with each passing month that the plaintiff remains in possession of the premises, the statute of limitations continues to expire as to missed payments due more than six years ago on a rolling monthly basis. Contrary to the plaintiff's contentions, she is not substantially prejudiced by the course of the litigation and its attendant contractual provisions, procedures, and substantive law.
E. Miscellaneous
Accepting the allegations in the plaintiff's complaint as true and affording the plaintiff all favorable inferences, as we must, we conclude that US Bank is not entitled to dismissal of the complaint under CPLR 3211(a)(7) for failure to state a cause of action.
The parties' remaining contentions either are without merit or have been rendered academic.
III. Conclusion
For the reasons set forth, we agree with the Supreme Court's determination to deny the plaintiff's cross motion for summary judgment on the complaint, and disagree with the court's determination to grant the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. Accordingly, the order is modified, on the law, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint with prejudice, and substituting therefor a provision denying the motion; as so modified, the order is affirmed.
CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint with prejudice, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court