■ John B. Call et al., Respondents, v Donald D. La Brie et al., Appellants.—Order unanimously reversed, on the law, with costs, motion denied and summary judgment dismissing complaint granted defendants. Memorandum: In this action plaintiffs seek judgment for the accelerated balance owing on a land contract and to collect payment therefor from the proceeds of a proposed public sale of the property through foreclosure or, alternatively, to recover possession of the property. Special Term erred in granting summary judgment to plaintiffs conditioned on defendants' failure to pay the sum of $10,200, which it determined was the amount of defendants' default to the date of the order. We do not find from the uncontroverted proof before the court any basis upon which relief might be accorded to plaintiffs; however, in our view defendants are entitled to summary judgment dismissing the

complaint. Plaintiffs seek foreclosure of the contract on the grounds that defendants failed to pay real property taxes and defaulted on the monthly payments required under the land contract. Plaintiffs' election to invoke their right under the contract to pay taxes and add such amount to the principal balance bars them from treating defendants' admitted failure to pay taxes as a breach of contract. Defendants concede their default for a time on their obligation to pay the monthly sum of $400. However, affirmative action was required on plaintiffs' part during the period of default to accelerate payment of the balance of the purchase price. Plaintiffs failed to notify defendants of their election to declare the balance due on the contract. Although service of a complaint may be deemed such an election, at the time the complaint was served no default existed. Defendants had previously tendered payment of the overdue installments by means of eight checks which plaintiffs refused to cash. The uncashed checks were not returned by plaintiffs, and no objection was made to their use; therefore, payment by check must be considered a valid tender (see, 59 NY Jur, Tender, § 15). A valid tender of an amount sufficient to expunge a default prior to the exercise of an option to accelerate cannot be refused and constitutes a total defense to the foreclosure claim (see, Jeferne, Inc. v Capanegro, 89 AD2d 577; Sherwood v Greene, 41 AD2d 881, 882). Moreover, defendants' failure to pay the monthly payments which became due under the contract after July 1983 cannot be considered a default under the terms of the contract since an actual tender is unnecessary when it would be of no avail and refused by the plaintiff (see, 59 NY Jur, Tender, §§ 6, 8; see also, Fender v Prescott, 101 AD2d 418, 424-425, affd 64 NY2d 1077). Further, the alternative remedy of ejectment is precluded since defendants' payments of over 12% of the principal balance of the land contract over a period of nine years were sufficient to convert this land contract into an equitable mortgage and represent a substantial investment which should be protected from forfeiture (see, Bean v Walker, 95 AD2d 70; see also, Comment, Forfeiture: The Anomaly of the Land Sale Contract, 41 Alb L Rev 71, 110). (Appeal from order of Supreme Court, Jefferson County, Lawton, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.