■ P.T. BANK CENTRAL ASIA, NEW YORK BRANCH, Respondent, v Ho Ho Ho REALTY Co., INC., et al., Appellants, et al., Defendants. [709 NYS2d 116] —In an action, *inter alia,* to foreclose a mortgage, the defendants Ho Ho Ho Realty Co., Inc., Jack Wei Hsian Liu, and Ho Ho Ho Art & Craft International Co., Inc., appeal from (1) an order of the Supreme Court, Queens County (Kassoff, J.), dated April 2, 1998, which, *inter alia,* granted the plaintiff's motion for summary judgment on the complaint, and (2) an order and judgment (one paper) of the same court, dated January 29, 1999, which, among other things, is in favor of the plaintiff and against them confirming the Referee's report and foreclosing the mortgage.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appellant Ho Ho Ho Realty Co., Inc. (hereinafter HH-HRC) executed a mortgage note to the respondent. Because HHHRC failed to pay the principal and accrued interest when the note matured, the respondent was entitled to use the default rate of interest in calculating the amount owed. Contrary to the appellants' contention, although the respondent accepted intermittent payments from HHHRC after the note matured, the payments never cured its default (*see, Southold Sav. Bank v Cutino,* 118 AD2d 555; *cf., Lopez v Highmount Assocs.,* 101 AD2d 618). In addition, HHHRC could not reasonably have believed that such payments would result in a waiver of the respondent's rights. Numerous letters from the respondent advised that payment of the arrears was a prerequisite to considering the request of HHHRC to extend the loan and that

unless an extension was agreed to, the mortgagee would act to recover the entire amount owed to it (*see, Southold Sav. Bank v Cutino, supra*).

The appellants' remaining contentions are without merit. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.