■ CHASE MORTGAGE COMPANY, Formerly Known as CHEMICAL MORTGAGE COMPANY, Respondent, v DWIGHT FOWLER, Ap-

pellant, et al., Defendants. [721 NYS2d 184] —Order unanimously reversed on the law with costs, motion denied and summary judgment dismissing the complaint granted to defendants. Memorandum: Supreme Court erred in granting plaintiff's motion for summary judgment in this action to foreclose a mortgage encumbering real property owned by Dwight Fowler (defendant). At the time of defendant's tender of $5,000, plaintiff, as mortgagee, had not validly exercised its right to accelerate the debt because the notice of default did not clearly and unequivocally advise defendant, the mortgagor, that all sums due under the note and mortgage were immediately due and payable (*see,* 9 Warren's Weed, New York Real Property, Mortgage Foreclosure, § 4.04 [4th ed]; 1 Bergman, New York Mortgage Foreclosures § 4.05 [1] [b]). Plaintiff thus was not justified in refusing defendant's tender, which according to the terms of the mortgage and notice of default was sufficient to bring the account current as of that time (*see, Call v La Brie,* 116 AD2d 1034, 1035; *cf., Home Sav. v Isaacson,* 240 AD2d 633; *Dime Sav. Bank v Dooley,* 84 AD2d 804, 805, citing *Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472). Under those terms, the additional foreclosure costs were not a valid charge to defendant at that time because plaintiff had not yet commenced the foreclosure proceeding.

We search the record and grant summary judgment to defendants (*see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111) because, in view of the uncontroverted proof in the record, there is no basis upon which relief might be granted to plaintiff on the complaint (*see, Call v La Brie, supra,* at 1034-1035). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.