■ MARTIN V. LAVIN, Respondent, v YAKOV ELMAKISS et al., Appellants. [754 NYS2d 741] —Crew III, J. Appeal from an order of the Supreme Court (Castellino, J.), entered November 19, 2001 in Chemung County, which, inter alia, partially granted plaintiff's cross motion for summary judgment and dismissed defendants' counterclaim.

In May 1989, plaintiff purchased a mobile home park from defendant Elmakiss Realty Trust for $700,000. Defendant Yakov Elmakiss was the trustee of the trust. To finance the sale, plaintiff executed a mortgage in favor of Chase Lincoln Bank in the amount of $325,000 and another mortgage in favor of the trust for the remaining $375,000. In March 1991, plaintiff defaulted on the mortgage to the trust and, by letter dated April 25, 1991, the trust sent a written notice of default to plaintiff advising, inter alia, that it was accelerating the underlying debt. Plaintiff subsequently defaulted on the mortgage to Chase, prompting Chase to commence a foreclosure action. The mobile home park was sold for $435,000 in March 1994. In the interim, both the trust and Elmakiss filed for bankruptcy and, after satisfying Chase's senior mortgage, the surplus proceeds of approximately $58,000 was paid to the trust's bankruptcy trustee.

After apparently emerging from bankruptcy as the owner of the mortgage note from plaintiff, Elmakiss commenced an action thereon against plaintiff in New Hampshire. After successfully obtaining dismissal of that action based upon lack of personal jurisdiction, plaintiff commenced this action in October 1997 alleging, inter alia, fraud and misrepresentation and seeking a declaration that the note had been released, discharged or satisfied through bankruptcy or otherwise rendered unenforceable. Thereafter, in March 1998, defendants answered and asserted a counterclaim for the balance allegedly due and owing on the underlying note. Defendants thereafter moved for, inter alia, summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment seeking, inter alia, a declaration that the note was

unenforceable and dismissal of defendants' counterclaim for foreclosure. Following additional discovery, Supreme Court ultimately granted plaintiff the foregoing relief. Defendants' subsequent motion to renew was denied and this appeal ensued.

We affirm. The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage (*see Loiacono v Goldberg*, 240 AD2d 476, 477; *see also* CPLR 213 [4]; *Saini v Cinelli Enters.*, 289 AD2d 770, 771, *lv denied* 98 NY2d 602). Here, defendants elected to accelerate the debt on April 25, 1991 and, accordingly, defendants' counterclaim for foreclosure accrued on that date. Such counterclaim was not interposed, however, until October 22, 1997, approximately six months beyond the expiration of the six-year statute of limitations period. Even accepting defendants' argument that the additional payments made by plaintiff to the trust following the notice of acceleration and defendants' acceptance thereof tolled the statute of limitations, the six-year limitations period nonetheless would begin to run from the date of the last payment tendered—June 12, 1991. Again, as this action was not commenced and defendants' counterclaim for foreclosure was not interposed until October 22, 1997, more than six years after the last payment was made, Supreme Court properly concluded that defendants' counterclaim was time-barred.

Moreover, as Supreme Court aptly noted, once the debt was accelerated on April 25, 1991, defendants' election in this regard could be revoked only through an affirmative act occurring within the statute of limitations period (*see EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605-606; *Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892, 894). Although defendants again point to their acceptance of additional payments on the mortgage after plaintiff's initial default, the acceptance of such payments is not inconsistent with defendants' insistence that the entire debt immediately be paid. Hence, the mere acceptance of such payments does not, in our view, constitute proof of an affirmative act of revocation. Defendants' remaining contentions, including any assertion that their motion to renew was improperly denied, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.