■ UMLIC VP, LLC, Appellant, v Vincent Mellace, Respondent. [799 NYS2d 61]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated October 1, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that the mere acceptance of a partial payment of the accelerated debt by the previous holder of the subject note was not an affirmative act revoking the acceleration and thereby halting the running of the statute of limitations (*see Lavin v Elmakiss*, 302 AD2d 638 [2003]). Moreover, the plaintiff's claim is also refuted by the fact that its assignor advised the obligors on the note that they would remain liable for the balance of the accelerated debt even after the partial payment was accepted (*see generally P.T. Bank Cent. Asia, N.Y. Branch v Ho Ho Ho Realty Co.*, 273 AD2d 212 [2000]; *Southold Sav. Bank v Cutino*, 118 AD2d 555 [1986]). Accordingly, "the record is barren of any affirmative act of revocation" (*EMC Mtge. Corp. v Patella*, 279 AD2d 604, 606 [2001]; *see Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892, 894 [1994]). Since the plaintiff failed to timely commence this action within the applicable six-year limitations period (*see* CPLR 213), the

Supreme Court properly dismissed the complaint (*see Clayton Natl., Inc. v Guldi*, 307 AD2d 982 [2003]; *Arbisser v Gelbelman*, 286 AD2d 693 [2001]). H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.