Rose, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered November 17, 2014 in Tompkins County, which, among other things, denied a cross motion by defendants John F. Mares and Ann F. Mares for summary judgment dismissing the complaint against them.
Plaintiff commenced this action to foreclose a mortgage given by defendants John F. Mares and Ann F. Mares (hereinafter collectively referred to as defendants) to secure their promissory note payable to plaintiff’s predecessor in interest. Following joinder of issue, plaintiff moved for summary judgment striking defendants’ answer and appointing a referee to *1122 compute the amount owed. In response, defendants cross-moved for summary judgment dismissing the complaint against them alleging, among other things, that the action is barred by the statute of limitations. Supreme Court denied plaintiff’s motion and also denied defendants’ cross motion, finding, among other things, that the action was timely commenced. Defendants appeal.
As limited by their brief, defendants argue only that plaintiff’s action is time-barred by the six-year statute of limitations governing mortgage foreclosure actions (see CPLR 213 [4]). Specifically, defendants argue that the mortgage’s acceleration clause was automatically triggered and the statute of limitations began to run when plaintiff’s predecessor in interest sent a June 2007 letter to defendants informing them that they were in default for nonpayment. We cannot agree. “The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage” (Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004] [citation omitted]; see Saini v Cinelli Enters., 289 AD2d 770, 771 [2001], lv denied 98 NY2d 602 [2002]; Loiacono v Goldberg, 240 AD2d 476, 477 [1997]). Where, as here, it is alleged that the debt was accelerated by demand, that fact must be communicated to the mortgagor in a clear and unequivocal manner (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983 [2012]; Sarva v Chakravorty, 34 AD3d 438, 439 [2006]; Colonie Block & Supply Co. v Overmyer Co., 35 AD2d 897, 897 [1970]).
The June 2007 default letter sent to defendants stated, in relevant part, that “[f]ailure to pay the total amount past due, plus all other installments and other amounts becoming due hereafter . . . on or before the [30th] day after the date of this letter may result in acceleration of the sums secured by the mortgage” (emphasis added). While the letter does demand payment for all past due amounts, it falls far short of providing clear and unequivocal notice to defendants that the entire mortgage debt was being accelerated (compare Chase Mtge. Co. v Fowler, 280 AD2d 892, 893 [2001], with Lavin v Elmakiss, 302 AD2d at 638-639, and Colonie Block & Supply Co. v Overmyer Co., 35 AD2d at 897). Indeed, with respect to acceleration, it is nothing more than a “letter discussing a possible future event,” which “d[oes] not constitute an exercise of *1123 the . . . mortgage’s optional acceleration clause” (Pidwell v Duvall, 28 AD3d 829, 831 [2006]). Accordingly, we agree with Supreme Court’s determination that the June 2007 letter did not commence the running of the statute of limitations and, thus, plaintiff’s March 2014 foreclosure action is not time-barred. We have considered defendants’ remaining arguments and find them to be unavailing.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order is affirmed, with costs.