■ U.S. Bank National Association, as Trustee, on Behalf of the Home Equity Asset Trust 2005-7 Home Equity Pass through Certificates, Series 2005-7, Respondent, v Joell C. Barnett, Appellant, et al., Defendants. [56 NYS3d 255]—

In an action to foreclose a mortgage, the defendant Joell C. Barnett appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 5, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, and denied her cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Joell C. Barnett, in effect, for summary judgment dismissing the complaint insofar as asserted against her is granted, and the subject branches of the plaintiff's motion are denied.

In July 2005, Joell C. Barnett (hereinafter the defendant) executed a note in the amount of $408,000 in favor of Fremont Investment & Loan (hereinafter Fremont). The note was secured by a mortgage on real property in Brooklyn, executed by the defendant in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fremont. MERS subsequently assigned the mortgage to the plaintiff, together with the note described therein.

On May 15, 2007, the plaintiff commenced an action to foreclose the mortgage, alleging that the defendant defaulted on the loan by failing to make the monthly payment due on February 1, 2007. Thereafter, upon the defendant's failure to answer or appear in the action, the plaintiff obtained a judgment of foreclosure and sale. Nevertheless, in September 2010, the Supreme Court, after a hearing to determine the validity of service of process, vacated the judgment of foreclosure and sale on the ground of lack of personal jurisdiction.

On July 9, 2013, the plaintiff commenced this action to foreclose the mortgage, again alleging that the defendant defaulted on the loan by failing to make the monthly payment due on February 1, 2007. The defendant, proceeding pro se, interposed an answer with counterclaims and affirmative defenses, including that the plaintiff lacked standing to commence this action, and that the action was time-barred.

After discovery, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for lack of standing. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.

An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213 [4]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (*EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]; *see Plaia v Safonte*, 45 AD3d 747, 748 [2007]; *Koeppel v Carlandia Corp.*, 21 AD3d 884 [2005]; *Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892, 894 [1994]).

Here, in support of her cross motion, the defendant submitted proof that the mortgage debt was accelerated on May 15, 2007, when the plaintiff commenced the first action to foreclose the subject mortgage. Thus, the six-year limitations period

expired prior to the commencement of the instant action on July 9, 2013. Moreover, while a lender may revoke its election to accelerate the mortgage (*see Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d at 894), the record in this case is barren of any affirmative act of revocation occurring during the six-year limitations period subsequent to the initiation of the prior action (*see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d 985, 987 [2016]; *Clayton Natl. v Guldi*, 307 AD2d 982 [2003]; *EMC Mtge. Corp. v Patella*, 279 AD2d at 606; *see also Lavin v Elmakiss*, 302 AD2d 638 [2003]). Accordingly, that branch of the defendant's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her should have been granted. For the same reasons, the subject branches of the plaintiff's motion should have been denied.

In light of the above determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.