Bank of Am., Natl. Assn. v Luma (2018 NY Slip Op 00214)





Bank of Am., Natl. Assn. v Luma


2018 NY Slip Op 00214


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

525047

[*1]BANK OF AMERICA, NATIONAL ASSOCIATION, Respondent,
v
JOSEPH G. LUMA II, Also Known as JOSEPH LUMA, et al., Defendants, and SONYA LUMA, Appellant.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Russell A. Schindler, Kingston, for appellant.
Leopold & Associates, Armonk (Fernando C. Rivera-Maissonet of counsel), for respondent.




MEMORANDUM AND ORDER
Devine
, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered March 8, 2017 in Ulster County, which denied defendant Sonya Luma's motion for, among other things, summary judgment dismissing the complaint against her.
Defendant Sonya Luma (hereinafter defendant) and defendant Joseph G. Luma II (hereinafter Luma) executed a promissory note, payable to plaintiff's predecessor-in-interest, that was secured by a mortgage on real property in Ulster County. In August 2008,
counsel for the lender and loan servicer wrote a letter to defendant and Luma advising that they were in default for nonpayment. Plaintiff commenced this mortgage foreclosure action in July 2015 against defendant, Luma and others. Defendant answered and raised, among other things, the statute of limitations as an affirmative defense. Defendant then moved for a variety of relief that included dismissal of the complaint as time-barred. Supreme Court denied the motion in its entirety. Defendant now appeals and, in her brief, focuses solely upon the timeliness of the action.
We affirm. "The six-year statute of limitations in a mortgage foreclosure action begins [*2]to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004] [citations omitted]; accord Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122 [2016]; see CPLR 213 [4]; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475 [2017]). Defendant asserts that the August 2008 letter constituted a demand to accelerate the debt but, for that to be the case, the letter must express that intent "in a clear and unequivocal manner" (Goldman Sachs Mtge. Co. v Mares, 135 AD3d at 1122; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [2016]).
The August 2008 letter advised defendant and Luma that they had violated the terms of the note and mortgage by failing to make monthly payments and that counsel had been retained "to exercise all of [the loan servicer's] rights and remedies at law, and in equity, including, but not limited to, the right to sell the above captioned premises at a public sale." The letter therefore left all legal and equitable avenues open, did not indicate that immediate payment was demanded and, indeed, went on to state that the debt's validity would not be assumed unless there was an absence of timely written objection to some or all of it. There was, moreover, neither an explicit demand for payment in the letter nor the use of the word "accelerate." The letter accordingly failed to "clearly and unequivocally advise defendant . . . that all sums due under the note and mortgage were immediately due and payable" so as to accelerate the debt and trigger the running of the statute of limitations (Chase Mtge. Co. v Fowler, 280 AD2d 892, 893 [2001]; see Goldman Sachs Mtge. Co. v Mares, 135 AD3d at 1122-1123). Thus, we agree with Supreme Court that the present foreclosure action is not time-barred.
McCarthy, J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.