US Bank N.A. v Ahmed (2020 NY Slip Op 04614)





US Bank N.A. v Ahmed


2020 NY Slip Op 04614


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-12676
 (Index No. 4583/13)

[*1]US Bank National Association, etc., appellant,
v
Carolyn Ahmed, respondent, et al, defendants.


McCabe, Weisberg & Conway, LLC (McGlinchey Stafford PLLC, New York, NY [Roshene A. Kemp and Victor L. Matthews], of counsel), for appellant.
John J. Caracciolo, East Northport, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated July 23, 2018. The order, insofar as appealed from, granted the motion of the defendant Carolyn Ahmed, in effect, pursuant to CPLR 3211(a)(5), to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court's determination granting the motion of the defendant Carolyn Ahmed (hereinafter the defendant), in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Here, the defendant established that the plaintiff accelerated the mortgage loan by commencing an action to foreclose the mortgage on or about March 21, 2006, and the instant action was commenced more than six years later, in February 2013.
"A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, its voluntary discontinuance of the prior action, by order dated July 5, 2012, did not constitute an affirmative act sufficient to revoke its acceleration of the mortgage debt because the order was silent on the issue of acceleration (see generally Milone v US Bank N.A., 164 AD3d 145). Moreover, while the defendant additionally stipulated to discontinuance of the prior action, the stipulation did not constitute an affirmative act to revoke the acceleration since it was similarly silent on the issue and does not otherwise indicate that the lender would reinstate the loan/accept installment payments from the defendant (see Bank of N.Y. Mellon v Craig, 169 AD3d 627).
The plaintiff's remaining contention is without merit (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court