Wells Fargo Bank, N.A. v Maddaloni (2020 NY Slip Op 05088)





Wells Fargo Bank, N.A. v Maddaloni


2020 NY Slip Op 05088


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-09561 
2019-01795
 (Index No. 504004/16)

[*1]Wells Fargo Bank, National Association, etc., appellant,
v
Ferruccio Maddaloni, et al., respondents, et al., defendants.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Lugara PLLC, Brooklyn, NY (Lorenzo Lugara of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach C. Dear, J.), dated June 1, 2018, and (2) an order of the same court dated January 2, 2019. The order dated June 1, 2018, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Ferruccio Maddaloni and Francesca Maddaloni, to strike the answer and counterclaims of those defendants, and for an order of reference, and granted that branch of the cross motion of the defendants Ferruccio Maddaloni and Francesca Maddaloni which was for summary judgment dismissing the complaint insofar as asserted against them. The order dated January 2, 2019, insofar as appealed from, upon renewal, adhered to those determinations in the order dated June 1, 2018.
ORDERED that the appeal from the order dated June 1, 2018, is dismissed, as the portions of the order appealed from were superseded by the order dated January 2, 2019, made upon renewal; and it is further,
ORDERED that the order dated January 2, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On January 4, 2007, the defendant Ferruccio Maddaloni borrowed the sum of $400,000 from the plaintiff's predecessor. The loan was secured by a mortgage executed by Ferruccio Maddaloni and Francesca Maddaloni (hereinafter together the defendants) encumbering residential real property located in Brooklyn.
On January 25, 2010, the plaintiff's predecessor commenced an action to foreclose the mortgage based upon the defendants' alleged default under the terms of the loan. The complaint in that prior action included a provision electing to accelerate the mortgage debt. That action was dismissed by an order of the Supreme Court dated February 17, 2015, for failure to prosecute.
On March 18, 2016, the plaintiff commenced the instant foreclosure action. The [*2]defendants asserted as an affirmative defense that the action was barred by the statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference. The defendants opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff then moved for leave to renew those branches of its motion and its opposition to the defendants' cross motion. The court granted leave to renew and, upon renewal, adhered to its prior determinations. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; Milone v US Bank N.A., 164 AD3d 145, 154).
In support of their cross motion, the defendants established that the six-year statute of limitations began to run on the entire debt on January 25, 2010, when the plaintiff's predecessor commenced the prior foreclosure action (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234). Since the plaintiff did not commence the instant foreclosure action until March 18, 2016, which was more than six years after acceleration of the debt, the defendants met their initial burden of demonstrating, prima facie, that the instant action was time-barred (see Milone v US Bank N.A., 164 AD3d at 153; U.S. Bank, N.A. v Kess, 159 AD3d at 768).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether it revoked the election to accelerate the mortgage. The plaintiff submitted, inter alia, a document purportedly showing an "internal" decision of its loan servicer to de-accelerate the debt in August 2015. That document stated that the "loan ha[d] been de-accelerated for purposes of displaying the amount due on the periodic account statement[s]." Evidence of this "internal" action of the plaintiff was not sufficient to raise a triable issue of fact as to whether the plaintiff de-accelerated the mortgage, as it did not constitute an affirmative act of revocation (see U.S. Bank N.A. v Barnett, 151 AD3d 791, 793; see also Christiana Trust v Barua, 184 AD3d 140; Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1389, lv granted 34 NY3d 910; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809; Milone v US Bank, N.A., 164 AD3d 145, 154).
Furthermore, the account statements sent to the defendants subsequent to that "internal" action of the loan servicer did not demonstrate a clear and unequivocal intent to revoke the acceleration of the loan, even when compared to the prior account statements. Rather, the account statements dated after August 2015 are consistent with a demand for partial payment (see UMLIC VP, LLC v Mellace, 19 AD3d 684, 684; Lavin v Elmakiss, 302 AD2d 638, 639). Because a lender may accept a partial payment without revoking its acceleration of a loan (see UMLIC VP, LLC v Mellace, 19 AD3d 684; Lavin v Elmakiss, 302 AD2d at 639), a demand for partial payment is not inconsistent with the acceleration of a loan.
Therefore, in opposition to the defendants' prima facie showing that the action is time-barred, the plaintiff failed to raise a triable issue of fact as to whether it validly revoked the acceleration of the loan within the applicable limitations period (see U.S. Bank N.A. v Barnett, 151 [*3]AD3d at 793; UMLIC VP, LLC v Mellace, 19 AD3d 684; Lavin v Elmakiss, 302 AD2d at 639).
Accordingly, we agree with the Supreme Court's determination, upon renewal, to adhere to its prior determinations denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and counterclaims, and for an order of reference, and to grant that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court