Deutsche Bank Natl. Trust Co. v Ebanks (2020 NY Slip Op 08035)





Deutsche Bank Natl. Trust Co. v Ebanks


2020 NY Slip Op 08035


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-04990
 (Index No. 15787/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Barrington Ebanks, et al., defendants, Pacific Realty Holdings, LLC, appellant.


Asher Fensterheim PLLC, White Plains, NY (Kelly P. Peters of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pacific Realty Holdings, LLC, appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 20, 2018. The order, insofar as appealed from, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred and pursuant to RPAPL 1501(4) to cancel and discharge the mortgage of record.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Pacific Realty Holdings, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Pacific Realty Holdings, LLC.
On August 29, 2013, the plaintiff commenced this mortgage foreclosure action against, among others, the defendants Barrington Ebanks and Deja Vu Act II, Inc. (hereinafter Deja Vu), to foreclose on certain real property in Brooklyn. The complaint alleged that Ebanks defaulted under the terms of the mortgage agreement by failing to pay his monthly installment payment on July 1, 2007, and by failing to make any subsequent payments. According to the plaintiff, as is relevant to this appeal, in November 2005, Ebanks executed a mortgage in favor of Exeter Holding, Ltd., on the property. That mortgage was thereafter assigned in July 2012 to Deja Vu and, in December 2013, to the defendant Pacific Realty Holdings, LLC (hereinafter the defendant). The defendant moved to substitute itself in place of Deja Vu and to dismiss the complaint insofar as asserted against it on the ground that the action was barred by the statute of limitations. Specifically, the defendant contended that, in or about July 2007, the plaintiff's predecessor had commenced a mortgage foreclosure action (hereinafter the 2007 action) seeking to foreclose on the same mortgage and that, since more than six years had passed since the commencement of the 2007 action (which had been discontinued), this action was time-barred. The Supreme Court granted that branch of the defendant's motion which was to substitute itself for Deja Vu, but denied that branch of the motion which was to dismiss the complaint, holding that the defendant had failed to submit certain documents it deemed relevant to the motion.
Subsequently, the plaintiff moved for leave to enter a default judgment and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it, again contending that the action was time-barred; the defendant also moved pursuant to RPAPL 1501(4) to cancel and discharge the mortgage. The defendant asserted that the 2007 action had been commenced by the plaintiff's predecessor who "elect[ed] to call due the entire amount secured by the mortgage." The defendant contended that since the 2007 action had been commenced more than six years before the commencement of this action, this action should be dismissed as time-barred and the mortgage canceled and discharged.
By order dated February 20, 2018, the Supreme Court denied the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
A motion for summary judgment may be granted only if the movant tenders sufficient evidence in admissible form demonstrating, prima facie, the absence of triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). If that burden is met, the burden shifts to the party opposing the motion to produce evidentiary proof in an admissible form establishing the existence of material issues of fact requiring trial (see Zuckerman v City of New York, 49 NY2d 557, 562).
The statute of limitations for a mortgage foreclosure action is six years (see CPLR 213[4]). For a mortgage payable in installments, there are separate causes of action for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (id. at 982, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). An acceleration of a mortgage debt occurs, inter alia, when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due (see Milone v US Bank N.A., 164 AD3d 145, 152).
The Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred. Here, the record establishes that the statute of limitations began to run on August 1, 2007, with the commencement of the 2007 action (see Wells Fargo Bank, N.A v Maddaloni, 186 AD3d 1587, 1588; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234), as the complaint in the 2007 action contained an election to accelerate the entire debt. Since the plaintiff did not commence this foreclosure action until August 29, 2013, which was more than six years later, the defendant met its initial burden of demonstrating, prima facie, that this action was time-barred (see Wells Fargo Bank, N.A v Maddaloni, 186 AD3d at 1588; Milone v US Bank N.A., 164 AD3d at 153).
In opposition, the plaintiff failed to raise a triable issue of fact to show that the applicable statute of limitations period did not begin to run upon commencement of the 2007 action (see Wells Fargo Bank, N.A v Maddaloni, 186 AD3d at 1589). In its opposition to the defendant's cross motion, the plaintiff failed to show that the plaintiff's predecessor in the 2007 action lacked standing to accelerate the debt (see e.g., Milone v US Bank NA, 164 AD3d at 153). Plaintiff's other contention—that the stipulation of discontinuance in the 2007 action revoked the acceleration of the debt—is likewise without merit. (see US Bank NA v Ahmed, 186 AD3d 779, 780). Here, the stipulation of discontinuance in the 2007 action is silent on the issue of the revocation of the election to accelerate and does not otherwise indicate that the plaintiff would accept installment payments from the defendant and thus did not constitute an affirmative act revoking acceleration (see US Bank NA v Ahmed, 186 AD3d at 780; Christiana Trust v Barua, 184 AD3d 140, 146-150).
The parties' remaining contentions are without merit. Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
However, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was pursuant to RPAPL 1501(4) to cancel and discharge the [*2]mortgage. Relief pursuant to RPAPL 1501(4) must be sought in an action and not by motion (see RPAPL 1501(4); Deutsche Bank Natl. Trust Co v Gambino, 153 AD3d at 1234-1235).
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court