U.S. Bank Natl. Assn. v Creative Encounters LLC (2021 NY Slip Op 02849)





U.S. Bank Natl. Assn. v Creative Encounters LLC


2021 NY Slip Op 02849


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

529451
[*1]U.S. Bank National Association, as Trustee, Respondent,
v
Creative Encounters LLC et al., Appellants, et al., Defendants.

Calendar Date:February 10, 2020

Before:Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Fairbanks Fletcher Law PLLC, Saratoga Springs (James W. Hyde IV of counsel), for appellants.
Gross Polowy, LLC, Westbury (Bridget C. Bidonde of counsel), for respondent.



Lynch, J.P.
Appeal from an order of the Supreme Court (Melkonian, J.), entered April 24, 2019 in Rensselaer County, which, among other things, denied a motion by defendants Creative Encounters LLC and Paula Jo Tufano for summary judgment dismissing the complaint against them.
In May 2005, defendant Paula Jo Tufano and her husband borrowed a sum of money from plaintiff's predecessor in interest and executed a note secured by a mortgage on real property located in the Town of East Greenbush, Rensselaer County. In June 2008, Tufano borrowed an additional sum and executed a note secured by a mortgage on the same property. The two loans were consolidated in a consolidation, extension and modification agreement (hereinafter CEMA), which was assigned to BAC Home Loans Servicing, L.P. After Tufano failed to make the October 2009 payment, BAC, in August 2010, commenced a foreclosure action. Tufano thereafter transferred her interest in the property to defendant Creative Encounters, LLC by a quitclaim deed. BAC filed a motion to discontinue the action on account of title insurability issues. In September 2013, Supreme Court (Ceresia Jr., J.) granted the motion without prejudice.
In October 2014, Nationstar Mortgage, LLC, the second assignee of the CEMA, commenced a second foreclosure action. In March 2016, Supreme Court (McGrath, J.) granted Nationstar's motion to discontinue the second foreclosure action without prejudice "due to title insurability issues." After receiving assignment of the CEMA, plaintiff commenced this third foreclosure action against Tufano and Creative Encounters (hereinafter collectively referred to as defendants), among others, in April 2017. Supreme Court (Melkonian, J.) denied defendants' motion for summary judgment, seeking to dismiss the complaint as time-barred, and granted plaintiff's motion for a judgment of foreclosure and sale on the ground that BAC, in voluntarily discontinuing the first foreclosure action, made an affirmative act that revoked acceleration of the debt and tolled the statute of limitations. Defendants appeal.
We affirm. "The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [2019] [internal quotation marks and citation omitted]; accord Bank of Am., N.A. v Luma, 157 AD3d 1106, 1106-1107 [2018]; see CPLR 213 [4]). A lender's election to accelerate a mortgage debt may "be revoked only through an affirmative act occurring within the statute of limitations period" (Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004]). Where, as here, "acceleration occurred by virtue of the filing of a complaint in a foreclosure [*2]action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mortgage Corporation v Engel, ___ NY3d ___, ____, 2021 NY Slip Op 01090, *6 [2021]; accord Ditech Financial, LLC v Rector 70 LLC, ___ AD3d ___, ___, 2021 NY Slip Op 02062, *2 [2021]).
Here, the statute of limitations began to run in August 2010 when BAC commenced the first foreclosure action. As defendants correctly point out, plaintiff did not commence the instant foreclosure action until April 2017, more than six years later.[FN1] Plaintiff established, however, that its predecessors in interest timely moved to voluntarily discontinue their respective foreclosure actions. In 2013, Supreme Court (Ceresia Jr., J.) granted BAC's motion due to title insurability issues and, in 2016, the court (McGrath, J.) granted Nationstar's motion on the same basis. We now find that the voluntary discontinuances of the first and second foreclosure actions constituted affirmative acts of revocation of the prior elections to accelerate as a matter of law (see Freedom Mortgage Corporation v Engel, 2021 NY Slip Op 01090 at *6-9). Barring any express, contemporaneous statements to the contrary by plaintiff's predecessors in interest, we find that plaintiff's foreclosure action is timely and Supreme Court (Melkonian, J.) properly granted plaintiff's motion for summary judgment.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The record indicates that Tufano filed a chapter 7 bankruptcy petition on October 16, 2013, at which point an automatic stay pursuant to 11 USC § 362 went into effect. The stay was lifted upon the issuance of a discharge order on April 15, 2014. Even allowing for this six-month tolling of the statute of limitations, which would have extended plaintiff's time to commence the third action into February 2017, that action was commenced after the six-year statute of limitations had already expired.