U.S. Bank Trust N. A. v Holmes (2024 NY Slip Op 06459)

U.S. Bank Trust N. A. v Holmes

2024 NY Slip Op 06459

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

807 CA 23-01883

[*1]U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 EBO TRUST, PLAINTIFF-APPELLANT,
v
RANDALL A. HOLMES, ALSO KNOWN AS RANDALL HOLMES, TERRI L. MOSHER, ALSO KNOWN AS TERRI MOSHER, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS.  NEW YORK STATE OFFICE OF ATTORNEY GENERAL, INTERVENOR-RESPONDENT. 

HINSHAW & CULBERTSON LLP, NEW YORK CITY (MARGARET J. CASCINO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP PFALZGRAF LLC, BUFFALO (KYLE C. DIDONE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARK S. GRUBE OF COUNSEL), FOR INTERVENOR-RESPONDENT.

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered June 6, 2023. The order granted the motion of defendants-respondents to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated against defendants Randall A. Holmes, also known as Randall Holmes, and Terri L. Mosher, also known as Terri Mosher.
Memorandum: In this mortgage foreclosure action, plaintiff appeals from an order granting, on statute of limitations grounds, the motion of Randall A. Holmes, also known as Randall Holmes, and Terri L. Mosher, also known as Terri Mosher (defendants), seeking to dismiss the complaint pursuant to CPLR 3211 (a) (5). Plaintiff contends that Supreme Court erred in granting the motion inasmuch as defendants failed to establish that the mortgage debt was accelerated by commencement of a prior foreclosure action in 2009, rendering the instant action time-barred. We agree.
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that the statute of limitations has expired, the defendant bears "the initial burden of establishing prima facie that the time in which to sue has expired . . . , and thus [is] required to establish, inter alia, when the plaintiff's cause of action accrued" (U.S. Bank N.A. v Brown, 186 AD3d 1038, 1039 [4th Dept 2020] [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818 [2d Dept 2024]). Once the defendant satisfies that burden, the burden shifts to the plaintiff to raise a question of fact whether the statute of limitations was tolled or otherwise inapplicable or whether the plaintiff actually commenced the action within the applicable period (see U.S. Bank N.A., 186 AD3d at 1039; U.S. Bank N.A. v Gordon, 158 AD3d 832, 835 [2d Dept 2018]).
"An action to foreclose a mortgage is subject to a six year statute of limitations" (Citibank, N.A. v Gifford, 204 AD3d 1382, 1383 [4th Dept 2022]; see CPLR 213 [4]) which begins to run on the full amount due once the debt has been accelerated by a demand (see Business Loan Ctr. Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]; Lavin v Elmakiss, 302 AD2d 638, 639 [3d Dept 2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004]; Loiacono v Goldberg, 240 AD2d 476, 477 [2d Dept 1997]) or by commencement of an action (see Lavin, 302 AD2d at 639).
We agree with plaintiff that the court erred in concluding that defendants met their burden of establishing that the debt was accelerated by commencement of a foreclosure action in December 2009. Although defendants submitted an excerpt of the 2009 complaint with their "corrective affidavit," they did so belatedly upon reply, which was insufficient to meet their initial burden on the motion (see Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1188 [4th Dept 2008]). Moreover, any assertions of fact in the "corrective affidavit" were insufficient to establish the acceleration of the debt inasmuch as "an affidavit by an attorney lacking personal knowledge of the facts lacks probative value and should be disregarded" (Starbo v Ruddy, 66 AD2d 950, 950 [3d Dept 1978], lv denied 47 NY2d 711 [1979]; see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342 [1974]). In light of our determination, plaintiff's remaining contentions are academic.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court