## JP Morgan Chase Bank, N.A. v Dusowitz

2025 NY Slip Op 31147(U)

April 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 20087/2008

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York,
on the __7th__ day of April, 2025.

P R E S E N T:

HON. CENCERIA P. EDWARDS, CPA,

Justice.

---------------------------------------------------------------------------X

JP MORGAN CHASE BANK, N.A.,

Plaintiff(s),

-against-

BONNIE J. DUSOWITZ a/k/a CHAY B. DUSOWITZ a/k/a BONNIE
DUSOWITZ a/k/a CHAYA DUSOWITZ and ABRAM I. DUSOWITZ
a/k/a AVROHOM DUSOWITZ a/k/a ABRAM DUSOWITZ, JOHN
DOE and NATIONAL CITY BANK,

Defendant(s).

--------------------------------------------------------------------X

**ORDER**

Motion Calendar: 5/3/2023
Motion Cal. #(s): 17

Index #: 20087/2008
Mot. Seq. #(s): 3

| The following e-filed papers read herein: | NYSCEF Doc. Nos.: |
|---|---|
| Notice of Motion, Affidavits (Affirmations), and Exhibits _____ | __67-89_____ |
| Opposing Affidavits (Affirmations) and Exhibits _____ | __91-103_____ |
| Reply Affidavits (Affirmations) and Exhibits _____ | __104_____ |

This is an action to foreclose on a consolidated mortgage encumbering the real property located at 1220 East 27th Street, Brooklyn, NY. Plaintiff now moves, in motion sequence ("mot. seq.") #3, for an Order, inter alia, restoring this case to active status and dismissing the action as to defendant and co-mortgagor BONNIE J. DUSOWITZ ("Mrs. Dusowitz").

Plaintiff presents the following relevant procedural history: this action was commenced on July 9, 2008; defendants-mortgagors Mrs. Dusowitz and ABRAM I. DUSOWITZ (collectively, "the Dusowitzes" or "the mortgagors") answered on or about August 7, 2008; the Foreclosure Settlement Conference Part released this case on March 22, 2011; Plaintiff filed a motion for summary judgment and an Order of Reference (mot. seq. #1) on April 12, 2012[1]; by order dated

---

[1] Plaintiff is silent as to when the motion was made but the filing date is shown in the court's file.

[* 1]

October 10, 2012, the Court (Richard Velasquez, J.) granted mot. seq. #1 and awarded summary judgment to Plaintiff; notice of entry was served on January 28, 2013, and again on February 6, 2013; and no further activity occurred until a status conference held before the Hon. Lawrence Knipel, J.S.C., on April 10, 2014 (*see* NYSCEF Doc. #69 [Attorney Affirmation in Support of Plaintiff's Motion], ¶¶ 11-15, citing Exhibits "G" through "N").

By order dated April 10, 2014, the Court (Knipel, J.) found that "more than one year has elapsed since the joinder of issue and plaintiff has unreasonably neglected to prosecute this action" (NYSCEF Doc. #83 [Exhibit "N"]). The Court, thus, conditionally dismissed this action pursuant to CPLR § 3216, and directed the County Clerk to cancel the Notice of Pendency, "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof" (*id.*). On August 7, 2014, this action was administratively dismissed *sua sponte* for Plaintiff's failure to comply with the order (*see* NYSCEF Doc. #79 [Exhibit "J"]). Mrs. Dusowitz died on February 9, 2016 (*see* NYSCEF Doc. #86 [Exhibit "Q"]).

Plaintiff now moves to restore this action, contending that CPLR § 3216 did not authorize the sua sponte dismissal or the conditional order on which it was based. Plaintiff also argues that because the Dusowitzes took title to the mortgaged premises as a married couple, thereby creating a tenancy by the entirety, Mr. Dusowitz succeeded to 100% ownership upon Mrs. Dusowitz's death, and Plaintiff has now waived its right to seek a deficiency judgment against her estate, Mrs. Dusowitz is no longer a necessary party, and the case can proceed without a duly appointed representative of her estate. (*See* NYSCEF Doc. #68 [Memorandum of Law], pp. 5-6, citing, inter alia, Exhibit "P" [Deed] [describing both mortgagors as married]; *see also* NYSCEF Doc. #68 [Exhibit "86"] [Death Certificate, listing Mr. Dusowitz as Mrs. Dusowitz's surviving spouse].) By affirmation of counsel, Mr. Dusowitz[2] opposes this motion on several grounds, including that the action is time-barred. The Court finds this ground dispositive here.

Although Mr. Dusowitz has not cross-moved for summary judgment dismissing this action, nor could he at this procedural juncture as it is already dismissed, he argues that the case should not be restored because, due to the enactment of the Foreclosure Abuse Prevention Act ("FAPA") on December 30, 2022, the statute of limitations has rendered the subject consolidated

---

[2] The opposing papers were filed in 2023 by an attorney purporting to represent both mortgagors. Since defense counsel does not state that he has been retained by a representative of Mrs. Dusowitz's estate, the Court treats these opposing papers as if they were filed only by Mr. Dusowitz.

[* 2]

mortgage unenforceable. As pertinent here, FAPA created a new paragraph under section 1301 of the RPAPL, which now provides: "[i]f an action to foreclose a mortgage or recover any part of the mortgage debt is adjudicated to be barred by the applicable statute of limitations, any other action seeking to foreclose the mortgage or recover any part of the same mortgage debt shall also be barred by the statute of limitations" (RPAPL § 1301 [4]).

The Court's analysis of this issue will necessarily mirror that of a traditional motion to dismiss an action as time-barred. The governing standard is as follows:

> "[o]n a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. Once this showing has been made, the burden shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise [a question of fact] as to whether the action was timely" (*Bank of NY Mellon v Craig*, 169 AD3d 627, 628 [2d Dept 2019] [internal quotation marks and citations omitted]).

"As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action," and "'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (*Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2d Dept 2012], citing CPLR 213 [4] and quoting *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2d Dept [2001]). "An acceleration of a mortgage debt occurs, inter alia, when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (*Deutsche Bank Natl. Trust Co. v Ebanks*, 189 AD3d 1535, 1536-1537 [2d Dept 2020]).

The record shows that the subject consolidated mortgage debt was accelerated when the instant action was commenced on July 9, 2008, as Plaintiff's filed complaint contains a demand for payment of the entire balance due (*see* NYSCEF Doc. #70 [Exhibit "A"], p. 8 at ¶¶ 13-14). The evidence submitted with Mr. Dusowitz's initial opposing papers show that on or about June 6, 2014, Plaintiff transferred its interest in the subject mortgage debt to Pennymac Corp., which commenced a new foreclosure action against him, based on the same debt, on September 19, 2017 (*see* NYSCEF Doc. #94 [Opp. Exhibit "C"] [Assignment of Mortgage]; NYSCEF Doc. #95 [Opp. Exhibit "D"] [2017 Complaint]). By order dated September 12, 2019, the Hon. Noach Dear, J.S.C., granted Mr. Dusowitz's cross-motion and dismissed the 2017 action as time-barred, finding that the statute of limitations expired on July 9, 2014, based on the mortgage acceleration

3

[* 3]

that occurred when the instant action was commenced (*see* NYSCEF Doc. #96 [Opp. Exhibit "E"]). The Court, thus, finds that Mr. Dusowitz's evidence establishes, prima facie, that the instant action is now barred by the statute of limitations pursuant to RPAPL § 1301 (4).

In the face of this prima facie showing, the burden shifts to Plaintiff "to raise a triable issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2d Dept 2014]). At the outset, the Court rejects Plaintiff's contention that it should not consider Mr. Dusowitz's arguments based on FAPA because he raised them in a supplemental opposing affirmation filed without leave of court. It is noted that Mr. Dusowitz's counsel filed his initial opposing papers on January 3, 2023, just four days after FAPA went into effect and shortly after the winter holiday season. The Court, thus, finds it unsurprising that those papers would not have discussed the changes wrought by FAPA, particularly since they were so sweeping and the full effects were still unknown to most practitioners.[3] Moreover, since Plaintiff responded with its own 12-page reply affirmation, both parties' supplemental papers were filed before the instant motion was fully submitted, and each will be duly considered, the Court does not find that this will prejudice either side.

Plaintiff notes that the instant action had been dismissed for over three years when the 2017 action was commenced, and Plaintiff did not move to restore the instant action until after the 2017 action was dismissed. Hence, Plaintiff persuasively argues that since neither action has been pending at the same time, and it does not appear that they ever will be, restoring the instant action will not violate RPAPL § 1301 (3)'s prohibition on commencing or maintaining multiple foreclosure actions without leave of court (*see* NYSCEF Doc. #104, ¶¶ 11-19).

It is understandable that Plaintiff's reply focuses on RPAPL § 1301 (3), since Mr. Dusowitz's supplemental opposition cites only paragraph "3" of the statute, which was amended by FAPA to strengthen the prohibition on multiple foreclosure actions. However, Mr. Dusowitz also argues that the instant action is now barred by the statute of limitations, which instead implicates the newly added paragraph "4," although he does not mention it by name. For example, Mr. Dusowitz characterizes Plaintiff as having "insisted in its papers that this action was still viable after the dismissal of the 2017 action based upon the Statute of Limitations," in response to which he states, "Plaintiff's position [] is now totally discredited by the recent

---

[3] As Plaintiff's moving papers-in-chief were filed some six months before FAPA went into effect, they also contain no discussion of the presently existing law, which this Court must apply.

[* 4]

passage of [FAPA] which addresses the exact procedure that Plaintiff is attempting to utilize in this case," and "[a]s a result of the recently passed legislation, it is unquestionable that the Plaintiff's action is time barred." Describing FAPA's primary purpose as to "prevent foreclosure plaintiffs from ignoring or circumventing applicable statutes of limitations," Mr. Dusowitz expressly argues that FAPA "overturned" recent caselaw that had been "weaponized by lenders (including Plaintiff herein) to resurrect a number of previously time-barred foreclosure claims/actions." (*See* NYSCEF Doc. #102, ¶¶ 2-6.)

The Court concludes that restoring the instant action would, in effect, "resurrect" the same foreclosure claim that Mr. Dusowitz defeated when he obtained dismissal of the 2017 foreclosure action on statute of limitations grounds. RPAPL § 1301 (4) directly addresses this scenario and as discussed, renders the instant action barred by the statute of limitations, as well.

Although the Court agrees with Plaintiff that RPAPL § 1301 (3) is inapplicable here, the Court finds Plaintiff's utter silence on the statute of limitations puzzling. While both parties' supplemental submissions failed to cite RPAPL § 1301 (4), as explained above, Mr. Dusowitz's statute of limitations argument invokes the substance of the provision. By not addressing the subject at all, Plaintiff has failed to rebut Mr. Dusowitz's showing that the instant action is time-barred. Hence, even if Plaintiff is correct that CPLR § 3216 did not authorize the conditional order underlying the 2014 administrative dismissal, restoration would be futile because on this record, Mr. Dusowitz's entitlement to dismissal of the action is uncontroverted.

Accordingly, the above-referenced motion (mot. seq. #3) is **DENIED** in its entirety.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

**Dated**: April _7_, 2025

_____
**Hon. Cenceria P. Edwards, JSC, CPA**

5

[* 5]