U.S. Bank, N.A. v Gordon (2026 NY Slip Op 01174)

U.S. Bank, N.A. v Gordon

2026 NY Slip Op 01174

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 32441/17|Appeal No. 5991|Case No. 2024-06874|

[*1]U.S. Bank, National Association, Plaintiff-Appellant,
vKirsten Gordon et al., Defendants-Respondents, Bronx Supreme Court et al., Defendants.

McCalla Raymer Leibert Pierce, LLP, New York (Harold L. Kofman of counsel), for appellant.
Law office of Earl M. Williams, Mount Vernon (Earl M. Williams of counsel), for respondents.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about October 8, 2024, which, to the extent appealed from as limited by the briefs, granted defendants Kirsten Gordon and Horace Gordon's motion to dismiss and to vacate the judgment of foreclosure and sale, unanimously affirmed, with costs.
Supreme Court correctly dismissed the action on the basis that it was barred by the applicable statute of limitations. On April 21, 2011, plaintiff's predecessor in interest, Aurora Loan Services, LLC, (Aurora) brought an action to foreclose upon the Gordons' mortgage. The complaint included a statement declaring that Aurora elected "to call due the entire amount secured by the mortgage." On January 15, 2016, the court granted Aurora's motion to discontinue. On August 4, 2016, nonparty Nationstar Mortgage LLC, which had by then been assigned the loan and for purposes of this appeal is assumed to have been the loan servicer for plaintiff, sent a letter to Horace Gordon deaccelerating the loan. Contrary to plaintiff's contention otherwise, this letter could not have had the effect of resetting or otherwise affecting the statute of limitations (see CPLR 203[h]).
We reject plaintiff's due process challenge to CPLR 203(h). The statute does not violate substantive due process, as the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), and CPLR 203(h) in particular, has a legitimate purpose and its retroactive application rationally advances those purposes (see Van Dyke v U.S. Bank, N.A., — NY3d &mdash, 2025 NY Slip Op 06537, *6 [2025]). In addition, the legislation does not "take[] away or impair[] vested rights . . . in respect to transactions or considerations already past" (id. at *5, quoting Landgraf v USI Film Products, 511 US 244, 269 [1994]).
Although the right to deaccelerate a loan has long been recognized (see Kilpatrick v Germania Life Ins. Co., 183 NY 163, 168 [1905]; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894 [2d Dept 1994]), that right has always been conditioned on whether the borrower has changed its position based on the lender's election to accelerate (see Kilpatrick at 168; Mebane at 894). Therefore this right does not constitute a vested right (see Article 13 LLC v Ponce De Leon Fed. Bank, — NY3d &mdash, 2025 NY Slip Op 06536, *5 [2025]).
In addition, even if plaintiff's right to deaccelerate was a "protectible interest" that was impaired by CPLR 203(h), the legislature's rationale for the statute's retroactive application was sufficiently persuasive to be capable of impairing that interest (Article 13 LLC, — NY3d at &mdash, 2025 NY Slip Op 06536, *7). The enactment and retroactive application of CPLR 203(h) also comported with procedural due process, notwithstanding the absence of any grace period (Van Dyke, 2025 NY Slip Op 06537, *7).
Plaintiff's challenge based on the Contracts Clause of the United States Constitution is also unavailing. First, plaintiff did not have an automatic contractual right to deaccelerate its mortgage, as defendants could have unilaterally rendered the acceleration irrevocable (see Kilpatrick, 183 NY at 168). Second, the legislature "sensibly tailored" the relevant provisions of FAPA to the specific litigation practices sought to be curbed. This tailoring of the legislation, along with "the strong public policy favoring finality, predictability, fairness and repose" and the "highly regulated landscape of foreclosure litigation," were sufficient to overcome plaintiff's contractual right to deaccelerate the loan, to the extent that the right existed (Van Dyke, 2025 NY Slip Op 06537, *8 [internal quotation marks omitted]).
Plaintiff's Takings Clause challenge is similarly unavailing. First, it was the six-year statute of limitations, and not FAPA itself, that extinguished plaintiff's interest in its mortgage (id. at *5). Thus, to the extent that FAPA took anything, it was not the mortgage itself, but the right to deaccelerate the loan. Second, FAPA did not effect a "regulatory" taking because it did not "permanently deprive [the] plaintiff's mortgage of all value" (Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 532 [1st Dept 2024]). Indeed, FAPA did not alter the terms of the mortgage itself (cf. Louisville Joint Stock Land Bank v Radford, 295 US 555, 581-582 [1935]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026